**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                          Case No.: _____

POSTR, LLC., a Foreign Limited Liability
Company, LEE PERINE, individually,
YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit
Corporation, ROBERT RIEGER, individually,

Defendants.
_____/

**NOTICE OF REMOVAL**
**TO THE UNITED STATES DISTRICT COURT**

Defendants POSTR, LLC ("POSTR"), LEE PERINE, YOTTA

AUTOMATED SOFTWARE SOLUTIONS, INC. ("Yotta"), AND ROBERT

RIEGER, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove to this Court the

entire action pending in the Circuit Court of the Second Judicial Circuit in and for

Leon County, Florida. The grounds for removal are as follows:

**Procedural Background**

On November 25, 2025, Plaintiff Auto Data Direct, Inc. ("ADD") filed an

Amended Complaint in the Circuit Court of the Second Judicial Circuit in and for

Leon County, Florida. Plaintiff's Amended Complaint contains six counts and seeks

1

monetary and injunctive relief arising from Defendants' purported reverse-engineering and misappropriation of Plaintiff's website and consumer software. Yotta was served on December 8, 2025. Undersigned counsel accepted service on behalf of Postr and the individual defendants on January 7, 2026, while preserving all objections and defenses. This Notice is timely filed with this Court pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. 1446(a), Defendants have filed contemporaneously herewith copies of the docket, process, pleadings, and orders served on Defendant in the matter of *Auto Data Direct, Inc., v. Postr, LLC, et al.*, Second Judicial Circuit for Leon County, Florida, Case No. 2025-CA-002169. Copies of these documents are attached hereto as **Composite Exhibit A**.

## Jurisdiction

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a), (b). A federal district court shall have original jurisdiction over a civil action in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

A. *Removal is proper because there is complete diversity between Plaintiff and Defendants.*

2

There is one Plaintiff, ADD, which is a Florida for-profit corporation, with its principal place of business in Tallahassee, Florida. Am. Compl. at ¶3. A corporation is a "citizen" of both the state in which it was incorporated and the state where it has its principal place of business and thus ADD is a citizen of the State of Florida for diversity consideration. 28 U.S.C. § 1332(c)(1).

Defendant Postr is a California limited liability company with its principal place of business in California. Compl. at ¶5; 28 U.S.C. § 1332(c)(1). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Declaration of Lee Perine, attached here to as **Exhibit B**, clarifies that Defendant Postr's sole member is Lee Perine, who is a resident of California. Am. Compl. at ¶6; Perine Decl. at ¶¶2-4. Because Postr's sole member is a citizen of California, Postr is not a citizen of Florida for diversity considerations.

The individual Defendants—Lee Perine and Robert Reiger—are both California residents. Am. Compl. at ¶¶6, 8. Both are domiciled in the state of California and are thus not Florida citizens for diversity considerations.

As indicated in the Amended Complaint and the Declaration of Marc Blouin, attached hereto as **Exhibit C**, Defendant Yotta is a California for-profit corporation; its principal place of business is in California and thus it is not a citizen of the state

3

of Florida for diversity consideration. Am. Compl. at ¶7; Blouin Decl. at ¶3. Defendant's "principal place of business" is the place where its officers direct, control and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-94 (adopting "nerve center" test for establishing principal place of business and recognizing that "in practice, it should normally be the place where the corporation maintains its headquarters"). Defendant's corporate headquarters are in the State of California, as are its corporate books and records. Blouin Decl. at ¶3. Defendant's executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, marketing, legal and information systems) are controlled out of Defendant's corporate headquarters in California. Blouin Decl. at ¶3.

Because Plaintiff is a citizen of Florida and none of the Defendants are citizens of Florida, complete diversity exists between Plaintiff and Defendants. 28 U.S.C. § 1332(a)(1).

B. *Removal is proper because the amount in controversy exceeds $75,000*

Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," for purposes of determining whether the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2). If, however, the initial pleading does not explicitly provide the amount in controversy, it can be established via stipulation by parties or declaration. *See, e.g., South Florida*

*Wellness, Inc. v. Allstate Ins. Co*, 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting

*Pretka v. Kolter City Plaza II, Inc*, 608 F.3d 744, 752 (11th Cir. 2010)) (permitting

amount in controversy to be established by the defendant by affidavit and stating

that the amount in controversy is "less a prediction of 'how much the plaintiffs are

ultimately likely to recover,' than it is an estimate of how much will be put at issue

during the litigation; in other words, the amount is not discounted by the chance that

the plaintiffs will lose on the merits."). Here, the Plaintiff has filed with the state

circuit court a Notice of Amount in Controversy, included herewith, confirming that

the damages which it seeks to recover from Defendants exceeds $75,000.

## **Removal**

Because complete diversity exists between Plaintiff and Defendants and the

amount in controversy exceeds $75,000, this Court has jurisdiction over this action

pursuant to 28 U.S.C. § 1332(a)(1). Accordingly, pursuant to 28 U.S.C. § 1441(a),

Defendants may remove this action to this Court. Venue lies in the United States

District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1441(a)

because the State Court Action was filed in this District and this judicial district

encompasses the County of Leon in which the State Court Action arose. *See* 28

U.S.C. § 89(a).

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1),

which provides that "[t]he notice of removal of a civil action or proceeding shall be

5

filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Defendant Yotta was served with a summons and complaint on December 8, 2025, and undersigned accepted service of the other three Defendants on January 7, 2026, such that this Notice of Removal is timely filed within 30 days of service of the Summons and Complaint on the last Defendant. *See, e.g.*, *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008).

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida. The proof of service of this Notice to Adverse Party and State Court of Removal will be filed with this Court.

## <u>Non-Waiver of Defenses</u>

By this Notice of Removal, Defendants do not waive any defenses that may be available, including, without limitation, lack of subject matter jurisdiction or Plaintiff's failure to state a claim. With this Notice of Removal, Defendants do not admit any of the allegations in Plaintiffs' Complaint.

WHEREFORE, this action is removed from the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida.

6

Respectfully submitted this 22nd day of January by:

> STEARNS WEAVER MILLER
> WEISSLER ALHADEFF &
> SITTERSON, P.A.
>
> /s/ *Melanie R. Leitman*
> **Douglas Kilby, Esq.**
> Florida Bar No. 0073407
> **Melanie Leitman, Esq**.
> Florida Bar No.: 091523
> 106 East College Avenue, Ste. 700
> Tallahassee, Florida 32301
> Telephone: (850) 580-7200
> mleitman@stearnsweaver.com
> dkilby@stearnsweaver.com
> aruddock@stearnsweaver.com
> *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF on January 22nd, 2026. I further certify that the document is being served by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those counsel or parties who are registered to receive NEFs and additionally via email on Plaintiff's counsel.

> /s/ *Melanie R. Leitman*
> Melanie R. Leitman

7

#14363449 v3