Leon County Clerk Of Courts Public Web Site

**HOME**    **ONLINE SERVICES** ✚    **COURT SERVICES** ✚    **RECORDS** ✚    **FEES** ✚

**CLERK TO THE BOARD** ✚    **USEFUL LINKS** ✚    **HOW DO I**

# Leon County Clerk of the Circuit Court and Comptroller Court Case Search

**COMPOSITE EXHIBIT A**

Full Case View ❓

**Print Page**

| 37 2025 CA 002169 - AUTO DATA DIRECT INC vs PERINE, LEE |
| --- |

| Party Status | Party | Party Code | Attorney | Attorney Status |
| --- | --- | --- | --- | --- |
| | PERINE, LEE | DEFENDANT | PRO SE | INACTIVE 01/07/2026 |
| | RIEGER, ROBERT | DEFENDANT | PRO SE | INACTIVE 01/07/2026 |
| | PERINE, LEE | DEFENDANT | DOUGLAS KILBY | ACTIVE |
| | RIEGER, ROBERT | DEFENDANT | DOUGLAS KILBY | ACTIVE |
| | POSTR LLC , | DEFENDANT | PRO SE | INACTIVE 01/07/2026 |
| | POSTR LLC , | DEFENDANT | DOUGLAS KILBY | ACTIVE |
| | YOTTA AUTOMATED SOFTWARE SOLUTIONS INC , | DEFENDANT | PRO SE | INACTIVE 01/07/2026 |
| | YOTTA AUTOMATED SOFTWARE SOLUTIONS INC , | DEFENDANT | DOUGLAS KILBY | ACTIVE |
| | AUTO DATA DIRECT INC , | PLAINTIFF | ROBERT SCOTT COX | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
| --- | --- | --- | --- | --- | --- |
| OTHER BUSINESS TRANSACTIONS | OPEN | 11/4/2025 4:13:12 PM | | | COOPER |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | |

Top of Page

| Judges Appearing on Case | | | |
| --- | --- | --- | --- |
| Last Name | First Name | Date Assigned | Source |
| COOPER | JOHN | 11/7/2025 9:17:11 AM | BM |

Top of Page

**Viewing Option for Sensitive and Confidential Cases**

**Non-Viewable images in Court Cases Requiring Clerk Assistances**


e-Certify

| Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order |
| --- |
| Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System |

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
| --- | --- | --- | --- | --- | --- | --- | --- |

Leon County Clerk Of Courts Public Web Site

| 11/4/2025 | 2 | CCS PDF | ☐ «-*Req $* | CIVIL COVER SHEET | | BM |
| 11/4/2025 | 3 | COMP_CA PDF | ☐ «-*Req $* | COMPLAINT | | BM |
| 11/7/2025 | 1 | a002 | | JUDGE COOPER, JOHN C: ASSIGNED | | BM |
| 11/7/2025 | 4 | RECEIPT PDF | ☐ «-*Req $* | PAYMENT $400.00 RECEIPT #1883933 | | BM |
| 11/8/2025 | 5 | UOCC PDF | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2025-11-08 | | BM |
| 11/25/2025 | 6 | AMCO PDF | ☐ «-*Req $* | PLAINTIFFS FIRST AMENDED COMPLAINT | | BM |
| 11/25/2025 | 7 | SUIS PDF | ☐ «-*Req $* | SUMMONS ISSUED | | BM |
| 11/25/2025 | 8 | SUIS PDF | ☐ «-*Req $* | SUMMONS ISSUED | | BM |
| 11/25/2025 | 9 | SUIS PDF | ☐ «-*Req $* | SUMMONS ISSUED | | BM |
| 11/25/2025 | 10 | SUIS PDF | ☐ «-*Req $* | SUMMONS ISSUED | | BM |
| 11/26/2025 | 11 | RECEIPT PDF | ☐ «-*Req $* | PAYMENT $40.00 RECEIPT #1887654 | | BM |
| 12/4/2025 | 12 | SUIS PDF | ☐ «-*Req $* | SUMMONS ISSUED | | BM |
| 12/5/2025 | 13 | RECEIPT PDF | ☐ «-*Req $* | PAYMENT $10.00 RECEIPT #1889211 | | BM |
| 1/7/2026 | 14 | NAPR PDF | ☐ «-*Req $* | NOTICE OF APPEARANCE | | BM |
| 1/7/2026 | 15 | WAAS PDF | ☐ «-*Req $* | ACCEPTANCE AND WAIVER OF SERVICE OF PROCESS | | BM |
| 1/15/2026 | 16 | NOTO PDF | ☐ «-*Req $* | NOTICE OF AMOUNT IN CONTROVERSY | | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|
| | | | | | | |

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

| Ar Plan | | | | |
|---|---|---|---|---|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent |
| | | | | |

Top of Page

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

AUTO DATA DIRECT, INC.,
  Plaintiff

Case # <u>2025 CA 002169</u>

Judge _____

vs.

LEE PERINE, ROBERT RIEGER, POSTR, LLC.,, YOTTA AUTOMATED SOFTWARE SOLUTIONS, INC.
  Defendant

## II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☒ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>6</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Robert Cox</u>         Fla. Bar # <u>286362</u>
      Attorney or party               (Bar # if attorney)

<u>Robert Cox   </u>         <u>11/04/2025</u>
 (type or print name)           Date

- 3 -

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                                                   Case No.:   2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit Corporation,
ROBERT RIEGER, individually,

Defendants.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, Auto Data Direct, Inc., hereinafter referred to as (hereinafter

"ADD"), through undersigned counsel, and sues Defendant, Postr, LLC, doing business as Renew

Tags, ("Postr"), Lee Perine, individually, Yotta Automated Software Solutions, Inc., (hereinafter

"YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, and would state as

follows:

### SUBJECT MATTER JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of $50,000.00, exclusive of interest, costs

and attorney's fees and for equitable and injunctive relief and is thus, within the jurisdiction of this

Court.

2.      Venue is proper in Leon County, Florida, under Section 47.011 and 47.051, Fla.

Stat., as Leon County is the county where the cause of action accrued.  Additionally, ADD's

Agreement and Terms of Use, which were signed by Defendant Perrine, individually, and in his

capacity as CEO of Postr, establish Venue in Leon County, Florida.

1

3.      Plaintiff, ADD, is a Florida for-profit corporation in continuous operation since October 22, 1999, with its principal current place of business located at 1830 East Park Avenue, Suite #1 Tallahassee, Leon County, Florida.

4.      ADD's primary business is to provide real time access to motor vehicle title, and lienholder data under contracts with 44 state agencies responsible for maintaining the title and lienholder information on motor vehicles, such as, for example, the Florida Department of Highway Safety and Motor Vehicles.  Under both Federal and State laws Motor Vehicle Title data, including the owner's address, is confidential private information which can be released only for specific legitimate business purposes as set out the Driver's Privacy Protection Act, 18 USC section 2721, et. seq. (hereinafter "DPPA").

5.      Defendant, Postr, was a California limited liability company with its principal place of business located at 10120 Tigrina Avenue, Whittier, Los Angeles County, California.  Postr was in operation from July 14, 2018 until May 1, 2025.  Postr was doing business as Renew Tags and held a Commercial Requester Account Approval from the California Department of Motor Vehicles and represented itself to ADD as a California Tag Renewal Agency.

6.      Defendant Lee Perrine, at all times, was a sui juris individual who was residing at 10120 Tigrina Avenue, Whittier, Los Angeles County, California, which was also the corporate address for Postr LLC.  At all time relevant, Perrine was Postr's Chief Executive Officer ("CEO") and co-founder of YASSI.

7.      YASSI, is a foreign for-profit corporation, which is registered and licensed to do business in Florida, with its mailing address listed as 7901 4th St N, Ste 300, St. Petersburg, FL 33702 and has appointed a registered agent in Florida.

8.      Defendant Robert Reiger, at all times, was a sui juris individual who is a California resident and is a co-founder and CEO of YASSI.

9.      YASSI has a contract to access data from the Florida Department of Highway Safety and Motor Vehicles ("FLHSMV") and provides data to Florida businesses. YASSI's services, which are the subject of this complaint, are conducted throughout Florida.

10.      This Court has jurisdiction over Defendants pursuant to § 48.193 (1)(a)1., (1)(a)2., (1)(a)7., Fla. Stat., as YASSI is operating, conducting, engaging in, or carrying on a business in Florida, and Defendants Postr, Perrine and Reiger have committed a tortious act and/or breached the ADD contract within the state.  Furthermore, Defendants have engaged in substantial and not isolated activity within this state.

## GENERAL ALLEGATIONS

11.      Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

12.      ADD provides a suite of innovative, web-based tools that offer fast, accurate, real-time access to national motor vehicle information. Its core business is to provide real-time motor vehicle inquiry solutions to qualified companies under the Federal Driver's Privacy Protection Act (DPPA) that need automobile information to conduct daily business operations.  ADD provides this service, in part, through a unique product ADD created called "DMV123."

13.      ADD offers access only to commercial entities who present evidence of a legitimate purpose for use of the data under the DPPA and access is only available to authorized entities and users who have agreed to be bound by the ADD Terms of Use and other documents restricting the use of the data and limiting efforts to replicate or copy the ADD system.

3

14. Companies that are qualified entities under the DPPA include: towing companies, automobile dealers, automobile tag agencies, government entities, attorneys, financial institutions and insurance companies. This is ADD's primary market audience and ADD's core customers.

15. Prior to accessing personal information on a motor vehicle record, a company applying for access through ADD must complete an (a) Account Agreement, (b) Terms of Use, and (c) a User Registration Form. In the User Registration Form the company explicitly identifies the DPPA exemption that the company and user qualify under. *Please see aforementioned documents attached and incorporated herein as Plaintiff's Composite "Exhibit A"*

16. On or about January 17, 2022, Postr's CEO, Defendant Perine applied for an account with ADD for Postr LLC's d/b/a Renew Tags to become an Authorized Subscriber of ADD's proprietary software services known as DMV123 and for Perrine to be an authorized user. Perrine and Poster fraudulently represented themselves as a California motor vehicle tag agency that needed lawful access to various states' DMV data concerning motor vehicle registrations, titles and driver license information to run its business.

17. As part of the verification process, ADD required Perine to provide a driver's license as proof of identity. Mr. Perine is also YASSI's co-founder and Vice President of Sales and Strategic Partnerships.

18. As part of the verification process, Perine and Postr provided proof of a California Secretary of State Business License. *Please see Figure #1 below.*

4



*Figure 1. Postr's California Business License*

19.    Additionally, Perine and Poster provided California Department of Motor Vehicle "California Requester Approval" as part of the verification process. *Please see Figure #2 below.*

5

CALIFORNIA STATE TRANSPORTATION AGENCY

**DEPARTMENT OF MOTOR VEHICLES**
INFORMATION SERVICES BRANCH
ACCOUNT PROCESSING UNIT
P. O. BOX 944231 MAIL STATION H221
SACRAMENTO, CA 94244-2310
(916) 657-5564

GAVIN NEWSOM, Governor



## COMMERCIAL REQUESTER ACCOUNT APPROVAL

**Account Number:** AE0827

**Expiration Date:** 06/29/2023

| | |
|---|---|
| Requester | : Renew Tags |
| ATTN | : Lee Perine |
| Address | : 10120 Tigrina Ave. |
| City, State Zip Code | : Whittier, CA 90603 |

☑ Your Commercial Requester Account Original Application has been processed.

☐ You have been approved to receive residence address information. A $50,000 surety bond is required prior to the release of residence address information. Please complete and submit the enclosed Commercial Requester Account Surety Bond (INF 1132). You will only receive basic record information without residence address until the bond is received and approved.

☐ A refund in the amount of $ is being processed. Please allow 6-8 weeks for delivery.

☐ See enclosed Branch Location (INF 1106 BL) for additional requester codes issued to your account.

☐ Your previous Commercial Requester Account will be closed in ten days.

☑ The Information Security Statement (INF 1128) must be retained at your worksite. **DO NOT SEND TO DMV.**

☐ Other:

**NOTE:** Please refer to the above Account Number and subsequent Requester Code(s) with any correspondence regarding your account.

The proposed use, type record, address access, on-line access through a service provider, and Requester Code(s) issued are:

| PROPOSED USE | | ONLINE ACCESS | REQUESTER CODE(S) |
|---|---|---|---|
| As stated on your application dated: 06/10/2021 | | ☑ Yes | ☑ Approved |
| TYPE VR/DL/OL | ADDRESS ACCESS Basic Record Only | ☐ No | GK827 |
| As stated on your application dated: | | ☐ Yes | ☐ Approved |
| TYPE | ADDRESS ACCESS | ☐ No | |
| As stated on your application dated: | | ☐ Yes | ☐ Approved |
| TYPE | ADDRESS ACCESS | ☐ No | |
| As stated on your application dated: | | ☐ Yes | ☐ Approved |
| TYPE | ADDRESS ACCESS | ☐ No | |

*If you are using a Service Provider, you must provide them with a copy of this letter before receiving services.*

The Account Requester Code is a confidential, non-transferable number that is specific to your business and should not be shared unless authorized by the Department. (See Commercial Requester Information Handbook [INF 2105] on the DMV website at **www.dmv.ca.gov**). This code should be used only by your business for the approved specific permissible purpose(s) as stated on the Commercial Requester Account Application (INF 1106). Pursuant to *California Vehicle Code* §1808.45, the unauthorized disclosure of information from any departmental record is a misdemeanor.

| DMV ACCOUNT PROCESSING TECHNICIAN | DATE |
|---|---|
| J. GARCIA III | 06/29/2021 |

California Relay Telephone Service for the deaf or hard of hearing from TDD Phones: 1-800-735-2929; from Voice Phones: 1-800-735-2922
INF 1145 (REV 1/2019) UH   *A Public Service Agency*

*Figure 2- Postr's Commercial Requester Account Approval.*

6



*Figure #3 Mr. Perine provided the State of California, Department of Motor Vehicles license as a Registration Service for California's license issued to Postr's Renew Tags.*

20.     Once ADD completes its qualification verification process, a company becomes an Authorized Subscriber (Subscriber") and the DMV123 user can access motor vehicle information, and the relevant motor vehicle record is searchable by VIN, tag, or title number.  Motor vehicle and title and lienholder records are available one-inquiry, one-record at a time, taken in real time from the applicable state DMV.  ADD charges a confidential per-transaction inquiry fee.  The user must indicate a purpose allowed under the DPPA when making each inquiry.

21.     On January 20, 2022, ADD accepted Postr's and Perrine's application. Perrine, individually and in his capacity of CEO of Postr, signed the ADD Electronic Records Account Agreement (hereinafter "the Agreement").

22.     The Agreement includes the ADD Terms of Use ("TOU") and specifically advises the user of ADD's proprietary rights in the process and search systems and Perine and Postr agreed not to replicate, reverse engineer or build a derivative product based on the ADD software, processes, and product. *See Ex. A.*

7

23.    ADD's proprietary rights in DMV123, include the search data retrieved, display and formatting for inquiries, pricing, and the ADD access procedures among other processes and data.

24.    ADD's proprietary software/system DMV123 allowed Perrine and Postr to access motor vehicle records throughout most U.S. state motor vehicle databases and the National Motor Vehicle Title Information System (NMVTIS) database.

25.    Perrine and Postr stated that records were obtained under 18 U.S.C. §2721(b)(3) for use in the normal course of business by a legitimate business or its agents, employees, or contractors, as shown below.

I have read the Federal Driver's Privacy Protection Act (DPPA) and understand the fourteen (14) defined legal uses of personal information (Name, Address, DOB, etc.) detailed in the Act and summarized by corresponding number below. I will be requesting personal information for the following permissible use(s) only:

Check all that apply – See DPPA for specifics:

☐ 01 For government agency or private entity acting on behalf of a Federal, State or local agency.

☐ 02 For matters of vehicle or driver safety and theft; emissions; product alterations, recalls or advisories.

☒ 03 Verify information submitted by individual; if info not correct, to obtain correct info to prevent fraud, pursue legal remedies against or recovery of debt.

☐ 04 In connection with a court proceeding.

☐ 05 Research and statistical analysis; personal info cannot be published, redisclosed, used to contact person.

☐ 06 Insurance underwriting, rating, claims and antifraud.

☐ 07 Owner notice regarding towed or impounded vehicles.

☐ 08 Private Investigator or licensed security service use subject to DPPA additional restrictions.

☐ 09 By employer/agent/insurer to obtain info relating to holder of Commercial DL as required by the CMVSA.

☐ 10 Operation of Private toll transportation facilities.

☐ 11 If state has "opt out" any other legal use. Not available from ADD for this purpose.

☐ 12 If state has "opt out" Bulk distribution. Not available from ADD for this purpose.

☐ 13 With written consent of individual to whom the information pertains.

☐ 14 Use specifically authorized by a state, if such use is related to the operation of a motor vehicle or public safety.

Any person who knowingly discloses any information in violation of the Driver Privacy Protection Act (DPPA) may be subject to criminal sanctions and civil liability specified in State law for unauthorized use of the data.

I certify that any use of all information provided by any State Agencies through Auto Data Direct, Inc. will be subject to the Auto Data Direct, Inc. Electronic Records Account Agreement and Electronic Records User Registration terms of use and is allowable under the provisions of the DPPA as indicated above. This certification shall apply to each and every record accessed by the Username and Password assigned to me, through Auto Data Direct, Inc. I also understand that the Username and Password assigned to me by Auto Data Direct, Inc. is for my use only and is not to be shared with any other person. If any information given above, the nature of my business or use of accessed DHSMV records changes, it is my responsibility to complete a new User Registration or notify Auto Data Direct, Inc. of termination. This certification form cannot be changed or modified without the express prior written permission of Auto Data Direct, Inc, signed by an officer.

User Signature: _____    Date: 1/17/2022

Print Name: LEE PERINE    Title: CEO

*Figure #4 – Signature of Perrine under DPPA compliance.*

8

26.     Between February 25, 2022 and November 14, 2022, Defendant Perrine, on behalf of all Defendants, ran twenty inquiries on the ADD DMV123 system, which is an exceptionally small number of inquiries for vehicle tag agency.  A large portion of the inquiries were for vehicles owned by YASSI officers or YASSI itself.

27.     On April 26, 2022, Defendant Perrine ran the vehicle of YASSI Director of Integrations and co-founder Justin Reiger.



*Figure #5- Justan Rieger April 26, 2022 California Vehicle Record for his 2015 Jeep Wrangler.*

9



*Figure #5- YASSI Nevada Vehicle Record*

28.    On May 25, 2022, Defendant Perine conducted another Nevada Vehicle Record for a vehicle owned by YASSI.

29.    On May 26, 2022, Defendant Perrine ran an inquiry for a Tesla owned by Yassi CEO Defendant Reiger.



*Figure #6- Rieger Nevada Vehicle Record*

30.    On June 1, 2022, Defendant Perine conducted a California Vehicle Record search for a 2021 Jeep Wrangler also owned by Yassi CEO Reiger.



Figure #7- Rieger California Vehicle Record

31.    Defendant Perine ran additional inquiries in (a) Alabama, (b) Arizona, (c) California, (d) Georgia, (e) Nevada, (f) Tennessee, (g) Texas and (h) Wisconsin.  These transactions constitute a continuing course of action to obtain and misappropriate confidential and proprietary information from ADD's DMV123 software/system.

32.     The notations placed in the ADD log indicate that Perrine had access to these VINs from individuals known to him or YASSI, not for purposes of verifying information supplied under Section 3(a) of the DPPA and not for purposes of operating a Los Angeles based California Tag Agency, in direct violation of the DPPA, 19 U.S.C. section 2722.

33.     By accessing the ADD inquiry system, Defendants, acting in concert and with a common goal and purpose, were able to determine how the access logs worked and how the ADD ABD webservice interacted with users, how the raw data from each state was parsed and

11

reformatted then displayed in a uniform format across states and what additional data points ADD supplied to each state's inquiry and data feed to make the product useful in the marketplace, as well as ADD's confidential pricing.

34.    In November of 2022, Perrine e-mailed ADD terminating his account because the company was allegedly going out of business, however, records indicate that Postr did not dissolve until 2025.  Perrine requested a pro-rata refund be paid to him directly from ADD.

35.    By terminating the account early, Defendants circumvented the annual ADD review and thus prevented any potential oversight by ADD of the minimal inquiries for a tag agency serving such a large area as Los Angeles County, which could have potentially raised red flags.

36.    In 2023, YASSI started offering a motor vehicle inquiry product virtually identical to ADD's inquiry product. A side-by-side comparison is reproduced below:



*Figure #8- Yassi and ADD's Motor vehicle inquiries side by side snapshot*

34. The YASSI product replicated the bar code verification system unique to ADD. This feature allows tax collectors or users to verify that the data on the inquiry was pulled in real time and not fabricated or "photo shopped."  By accessing the ADD system, Defendants were able to use and understand the ADD proprietary bar code verification system.  YASSI reversed engineered and now uses a bar code verification system identical to ADD's process even down to calling it a "verification code."



*ADD's proprietary record verification system that allows independent parties to verify the Date, Time, Jurisdiction and Company that pulled the actual vehicle record.

*Figure #9- Verify side by side snapshot*

37. Beginning in 2023, YASSI began approaching ADD customers and clients and offering to provide them a Motor Vehicle data product virtually identical to the ADD product at a lower price than offered by ADD.

38. At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees fraudulently, improperly, and deceptively obtained access to ADD's proprietary DMV123 system in order to replicate, reverse engineer, and build a derivative product in violation of the Agreement, TOU and DPPA.

39. At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees reverse engineered,

designed, and developed their virtually identical Motor Vehicle data product using the access they obtained by improperly and deceptively obtaining access to and use of the ADD DMV123 software/system, including but not limited to inquiry data and samples from a variety of states as well as understanding the log in, and source code reformatting.

40.    Defendants also obtained ADD's DMV123 proprietary pricing allowing YASSI to offer to ADD's customers pricing below that offered by ADD.

41.    At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees, conducted the fraudulent and illegal foregoing activities in violation of ADD's protected trade secrets and in order to unfairly compete and obtain ADD's customers.

42.    As a result of the foregoing, ADD has suffered significant damages.

**COUNT I- BREACH OF CONTRACT**

43.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

44.    Defendants Lee Perrine and Postr specifically agreed not to "rent, lease, loan, sell distribute or create derivative works based on Auto Data Direct or the Software in whole in part." *See Ex. A.*

45.    Defendants Lee Perrine and Postr further agreed not to copy, modify, create a derivative work of, reverse engineer, reverse assemble or otherwise attempt to discover any source code. *See Ex. A.*

46.    Defendants Lee Perrine and Postr breached the foregoing by specifically working with Defendants YASSI and Rieger to create a derivative work and/or reverse engineer and/or assemble a virtually identical product for YASSI.

14

47.    As a direct result of the foregoing breach of the Agreement and TOU, Plaintiff ADD has suffered damages.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, and Lee Perine, individually, for damages, including costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

## COUNT II- CIVIL CONSPIRACY

48.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

49.    At all times material hereto, Defendant Lee Perrine was an officer of YASSI and a co-founder of YASSI and was intimately involved in developing the product YASSI would offer.

50.    At all times material hereto, YASSI executives, including Defendant Rieger, provided to Defendant Perrine personal VIN's for Perrine to run on the ADD system, for the sole purposes of determining how ADD's DMV123 proprietary system worked and to gain access to the proprietary and confidential information in violation of the DPPA and in violation of the Agreement and TOU.

51.    At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, fraudulently obtained access to ADD's DMV123 system in order to obtain sufficient data to reverse engineer, copy and create a derivative work.

52.    The Defendants, acting in concert and with a common goal and purpose, knew or should have known that Defendant Perrine had obtained access using the dormant Postr LLC and falsely representing the purpose of the inquiries was to verify data submitted to prevent fraud and for use by Tag Agency in doing its functions in California.

15

53.    The Defendants, acting in concert and with a common goal and purpose, conspired to conceal the identity and ultimate use of the data by YASSI and to attempt to circumvent the contractual restrictions ADD places on users to protect it's proprietary rights.

54.    Additionally, the Defendants, acting in concert and with a common goal and purpose, gave false information in violation of the DPPA in order to access the private state data sets, as Defendants Perrine and Postr were not attempting to verify data submitted for a legitimate business purpose to prevent fraud.

55.    The data was obtained on false pretenses in violation of the ADD contract and illegally obtained in violation of the DPPA, 18 U.S.C. § 2722 ("It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record.")

56.    The Defendants had an agreement to conspire to illegally and fraudulently obtain access to ADD's DMV123 proprietary software/system.

57.    The Defendants knowingly and in concert performed the foregoing over acts in pursuance of the conspiracy, including but not limited to fraudulently obtaining access to ADD's DMV123 proprietary system, setting up the dormant Postr LLC to gain access, providing personal VINs to run on the ADD system, misrepresenting in violation of the DPPA the purpose of access the private state data sets, reverse engineering and/or reverse assembling a virtually identical system that purports to obtain "real time" and "single inquiry" motor vehicle information from the different states, reverse engineering and/or reverse assembling ADD's verification program, and accessing ADD's proprietary pricing information.

58.     As a result of the foregoing, Plaintiff ADD has suffered significant damages, including but not limited to the loss of customers, lost and future profits, damage to reputation, and the unjust enrichment that is not taken into account in computing actual loss.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

## COUNT III – VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT

59.     Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

60.     This is a claim for the violation of the Florida Uniform Trade Secrets Act, Sections 688.001, et. seq. and conspiracy to violate same.

61.     ADD's DMV123 software/system, was designed and developed to conduct motor vehicle transactions in "real-time" using the ADD's computer interface for a permissible use, as set forth under DPPA.

62.     Pursuant to ADD's Agreement and TOUs, ADD's DMV123 software and its inquiry product is a "trade secret" as defined by Section 688.002(4), Florida Statutes.

63.     ADD's DMV123 has a unique combination of processes designed to produce streamlined data about state DMV motor vehicle registration, title and driver license information, in addition to providing a link to NMVTIS data and a unique bar code verification system allowing the user to validate the data obtained.

64.     ADD's DMV123 software/system also allows the user access to ADD's proprietary pricing for its products and system.

17

65.     ADD proprietary software/system meets the definition of trade secret as set forth in § 688.002(4), Florida Statutes, as it includes protected and not readily known information using a formula, pattern, compilation, program, device, method, technique, and/or process.

66.     ADD's DMV123 software/system derives actual economic value from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from its disclosure or use and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, including specific terms and conditions advising users that the software is a protected trade secret which cannot be copied, sold or used as the basis of derivative works.

67.     The system derives independent economic value from being generally unknown and available solely from ADD.  The economic value is evidenced by gross revenues of over $ Fifty-One Million Dollars ($51,000,000.00) generated by ADD from the sale of the system in 2022, 2023, and 2024.

68.     ADD took reasonable steps to maintain the secrecy of its DMV123 software/system by making it express and clear in its Agreement, its Terms of Use and its User Registration that DMV123 was ADD's exclusive and proprietary property.

69.     Defendants Postr and Perrine specifically knew the foregoing and executed ADD's Agreement and TOU, which expressly sets forth that the DMV123 software/system is ADD's protected trade secrets.

70.     Defendant Perrine also knew the foregoing in his role as a co-founder of YASSI.

71.     Defendant Rieger knew or should have known of the foregoing in providing personal vehicle data for Defendant Perrine to falsely use in accessing and then replicating the DMV123 software/system.

72.     Defendants conspired and worked together for the sole purpose of copying, replicating and misappropriating DMV123 and creating derivative work to directly compete with the ADD DMV123 product, by using false and fraudulent means.

73.     Defendants conspired and worked together to obtain access to ADD's DMV123 system for the purpose of learning its workings, accessing, reengineering, and reverse engineering the source code, learning the identity of vendors, learning ADD's pricing, and otherwise replicating the combination of systems in DMV123 without ADD's consent.

74.     Defendants YASSI, Postr, Lee Perine and Robert Rieger knew, or should have known, that that the material, knowledge and software of DMV123 was a trade secret belonging to ADD and that the disclosure of the material, knowledge and protected software was a breach of their duties not to disclose, reproduce, duplicate, copy, sell or exploit for any commercial purposes ADD's trade secrets.

75.     YASSI, through the access provided by Postr and Lee Perine, learned of confidential DMV123 data and, stole ADD's DMV123 product by accessing, using, copying, reengineering, and reverse engineering the source code without ADD's consent and Defendants have been selling the misappropriated product throughout the United States.

76.     Defendants YASSI, Postr, Lee Perine and Robert Reiger misappropriated ADD's DMV123 by providing customers with a product duplicating ADD's DMV123 end user product, which was gained through access to the same databases and produces the same results from work product(s) derived from copying and testing ADD's DMV123 system.

77.     There are no material differences between ADD's DMV123 product and that produced by YASSI.

19

78.    Defendant's misappropriation of ADD's trade secrets were willful and malicious and done with the intentions of replicating ADD's DMV123 and then directly competing with ADD.

79.    After acquiring ADD's DMV123 proprietary information, YASSI started selling access to DMV data to automobile dealerships, towing companies and insurers in Florida.

80.    If Defendants are allowed to continue to use and disclose ADD's trade secrets, it will strip ADD's software of its value. Thus, ADD is likely to sustain irreparable harm for which there does not exist an adequate remedy at law because the subject of this dispute is proprietary software and intellectual property.

81.    The damage is not susceptible of complete pecuniary compensation because it involves loss of existing customers, but more problematically, loss of future customers and business which should and would have come to ADD but for the misappropriation and theft of its trade secrets and processes.

82.    The copying of the DMV123 system by YASSI and its further disclosure and dissemination to third parties beyond the jurisdiction of this Honorable Court will render the value of ADD's trade secrets useless.

83.    Based on the foregoing, ADD's claim has a substantial likelihood of success on the merits given the fact that ADD owns the software, has contracts with Defendants restricting the sale, duplication or use of the system and ADD did not give YASSI consent to use or duplicate its system.

84.    The threatened injury to ADD outweighs any possible harm to Defendants. An injunction will merely maintain the status quo until this Honorable Court can determine the merits of ADD's claim.

20

85.    The granting of an injunction will not harm the public interest because members of the public will be permitted to continue to contract with ADD for its DMV123 product and with YASSI for other internet services and sales.

86.    ADD has retained the undersigned counsel and is responsible for paying a reasonable fee for services. Pursuant to Section 688.005, Florida Statutes, ADD is entitled to attorney's fees.

87.    As a direct and proximate result of YASSI, Postr, Perine and Reiger's misappropriation of ADD's DMV123 trade secrets and proprietary information, ADD has suffered damages, including damages of actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

88.    The Plaintiff reserves it right to amend this Complaint to add a prayer for exemplary damages as allowed by Section 688.004(2), Florida Statutes.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, a Natural Person, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, a Natural Person, for damages, including the unjust enrichment of defendants not taken into account in computing actual loss, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, for a preliminary and permanent injunction prohibiting defendants from using, copying, selling, and disclosing ADD's trade secret, and trial by jury.

## COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

89.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

21

90.    Plaintiff ADD has significant business relationships between itself and third parties to provide and conduct motor vehicle transactions in "real-time" using the ADD's computer interface for a permissible use, as set forth under DPPA, pursuant to its DMV123 software/system.

91.    Defendants, acting in concert and with a common goal and purpose, had knowledge of those relationships, including but not limited to ADD's business relationships with certain third-party insurance companies.

92.    Defendants, acting in concert and with a common goal and purpose, intentionally and unjustifiably interfered with those business relationships through replicating and reverse engineering ADD's DMV123 software/system and fraudulently obtaining ADD's propriety pricing and then marketing to ADD's customers YASSI's misappropriated system as identical to ADD's and at a lower price than ADD's proprietary program/system.

93.    Defendants, acting in concert and with a common goal and purpose, marketed to induce and/or cause ADD's customers to terminate their services with ADD and in fact have obtained certain customers of ADD's through this fraudulent and improper scheme.

94.    As a direct result of the foregoing, ADD has suffered damages and the loss of customers.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, a Natural Person, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, a Natural Person, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, for a preliminary and permanent injunction, and trial by jury.

## COUNT V – FRUADULENT MISREPRESENTATION

95.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

96.    As described above, Defendants, jointly and acting in concert with a common goal and purpose, made a series of misrepresentations to ADD in an effort to induce ADD to approve the qualification verification process, and allow Postr and Perrine to become Authorized Subscribers and access the DMV123 software/system.

97.    In furtherance of this fraud, Defendants, jointly and acting in concert with a common goal and purpose, made further misrepresentations and fraudulent statements as to the purpose under the DPPA that the inquiries were being run through the DMV123 software/system.

98.    These representations and concealments were false at the time they were made, and Defendants knew the representations and concealments were false when made.

99.    ADD relied on Defendants' representations in agreeing to allowing full access as a subscriber to the DMV123 software/system.

100.    Defendants, jointly and acting in concert with a common goal and purpose, used that access to create a virtually identical product to the ADD DMV123 software/system.

101.    As a direct and proximate result of Defendants' conduct, ADD has sustained substantial damages, the full amount of which will be established at trial of this matter.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

23

## COUNT VI – FDUPTA

102.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

103.    This is a claim for the violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), sections 501.201-501.213, Florida Statutes and conspiracy to violate same.

104.    As described above, Defendants, jointly and acting in concert with a common goal and purpose, utilized unconscionable acts and practices to access the DMV123 software/system and virtually replicated ADD's product.

105.    Furthermore, Defendants, jointly and acting in concert with a common goal and purpose, have *further* misrepresented to ADD's customers that the fraudulently created and virtually identical YASSI program looks, works, and functions the same as ADD's real-time motor vehicle inquiry, which provides to qualified companies under the DPPA the necessary and legally compliant automobile information in order to conduct daily business operations.

106.    Defendants, jointly and acting in concert with a common goal and purpose, have misrepresented to ADD's customers that not only does the YASSI product works the same but can also be obtained at a lower price than ADD's DMV123 software/system.

107.    Upon information and belief, Defendants, jointly and acting in concert with a common goal and purpose, are falsely advertising and misrepresenting the manner in which the YASSI system compiles and/or produces certain state's protected vehicle information – in that it is **not** produced in "real time".

108.    These ongoing unfair and deceptive practices, have caused ADD significant actual damages.

109.    ADD's damages are directly proximate to Defendants' violation of the Florida Unfair and Deceptive Trade Practices Act, Florida Statute 501.201 *et seq.*, and specifically 501.211 of the Florida Statutes.

110.    ADD is entitled to an award of attorney fees and costs associated with the bringing of this action pursuant to Section 501.2105, Florida Statutes.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees under section 501.2105, Florida Statutes, a for a preliminary and permanent injunction, and trial by jury.

Respectfully submitted,

 s/Robert Scott Cox    
Robert Cox, Esq.
Attorney for Plaintiff.
Florida Bar #286362
Talley Kaleko, Esq.
Florida Bar #487155
Law Offices of Robert Scott Cox PL
122 South Calhoun St
Tallahassee, FL 32301-1518
Office: 850-577-0296
Fax:    850-561-0206
Service E-mail:
robert@robertcoxlaw.com
talley@seymorejustice.com

Exhibit A

# AutoDataDirect, Inc.
## Electronic Records Account Agreement

This agreement is made between Auto Data Direct, Inc. (ADD, Inc.), a Florida Corporation (herein referred to as "ADD"), at 1830 East Park Avenue, Suite 1, Tallahassee, FL, 32301 and POSTR LLC _____ (Company Name) herein referred to as "Account Subscriber" (Account Subscriber is defined as a qualified business and its authorized users);

WHEREAS, ADD, Inc. has the authority from state motor vehicle agencies or Vendors authorized by that state motor vehicle agency to provide data, including but not limited to Alabama, Arizona, Arkansas, California, Colorado, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Virginia, Washington and Wisconsin and/or;

WHEREAS, ADD, Inc. has the authority from the American Association of Motor Vehicle Administrators (AAMVA) and ADD has Internet connectivity to provide to Account Subscriber a secure portal to the National Motor Vehicle and Title Information System herein referred to as "NMVTIS records" and/or;

WHEREAS, ADD, Inc. has the authority from the National Vehicle Service (NVS) and ADD has Internet capability to provide to Account Subscriber a secure portal to the NVS Lien and Theft database herein referred to as "NVS records" and/or;

WHEREAS, the Account Subscriber is a qualified business that is permitted by the Federal Driver's Privacy Protection Act, Federal Code 18 USC §2721 et. Seq., (DPPA) to receive personal information found in motor vehicle and driver license records or is qualified under the Federal or State DPPA from where records are sought and appoints ADD as its agent to review DPPA restricted records for quality control, notification and verification purposes and/or;

WHEREAS, the Account Subscriber may have the legal authority under applicable State law to obtain insurance information on a vehicle involved in a crash and/or;

WHEREAS, the Account Subscriber may have a requirement under applicable State law to participate in Electronic Lien and Title programs and/or;

WHEREAS, ADD has Internet capability to provide to qualified businesses a secure portal to State motor vehicle records, driver license status, driver license histories and vehicle insurance information herein collectively referred to as "motor vehicle records";

Now therefore, the parties agree to the following:

1. ADD provides services to Account Subscriber to electronically access motor vehicle records via the Internet. These terms, together with any operating rules, terms of use, EULA and rates published by ADD, will constitute the entire agreement and will supersede all prior agreements. Services may be provided by ADD, Inc. depending upon services requested. Separate, additional agreements may be required for some services.

2. This agreement shall be effective from the date of its written acceptance by an officer of ADD. This agreement shall continue until the subscriber provides a written notice of termination at least thirty days prior to the effective date of termination. Any funds remaining in the account balance shall be refunded to the Account Subscriber within 30 days of the date of termination.

3. The Account Subscriber authorizes ADD to obtain information to verify information provided on this account agreement and Electronic Records User Registration forms submitted to access motor vehicle records. ADD may use information obtained from, but not be limited to, driver license records, motor vehicle records, local occupational license records, and other State and Federal licensing records.

REV. 10/5/2020

Nothing herein shall obligate ADD to verify information submitted and user expressly warrants that all representations are true.

4. Each Account Subscriber may have an unlimited number of authorized users. Each user is required to complete an Electronic Records User Registration form and will be assigned a Username and Password. The Account Subscriber further acknowledges that ADD requires each user to provide personal information that may be verified by a driver license status or motor vehicle record prior to issuing a Username and Password. In addition, Account Subscriber acknowledges that each user will be required to answer security questions and participate in multi-factor authentication.

5. Each user will be responsible for maintaining the confidentiality of all Usernames and Passwords issued to or created by them. The Account Subscriber will guarantee and indemnify ADD against liability for their unauthorized use and/or disclosure of a Username and/or Password. SHARING OF USERNAMES AND PASSWORDS IS STRICTLY PROHIBITED and my result in termination of access.

6. The Account Subscriber shall provide a valid, unique and functional e-mail address to ADD for each individual user. Correspondence relating to account status, passwords, payment, policy changes and procedural changes, special and other activities between ADD, the Account Subscriber and its authorized users may be conducted via e-mail. Invalid or non-functional e-mail addresses may result in account suspension and deactivation. Account Subscriber and its authorized users shall ensure delivery of e-mail communications coming from add123.com (i.e. allowing e-mail sent from add123.com through junk filters).

7. The Account Subscriber agrees to notify ADD within three (3) working days of the termination of any of its employees who have been assigned access. In addition, the Account Subscriber agrees to notify ADD immediately of any misuse or unauthorized use of its password(s).

8. The Account Subscriber shall complete an annual verification process to review and update account information. Failure to complete the verification process may lead to account suspension and deactivation.

9. The Account Subscriber shall provide all telephone, computer, Internet server, and other equipment necessary to access the Internet as well as pay other charges, as may arise, to connect with the Internet server.

10. The Service is provided on an "as is," "as available" basis. Neither ADD, the State record providers, AAMVA, NVS, Department of Justice, nor the United States Postal Service (USPS) make any warranties, expressed or implied, including without limitation those of merchantability and fitness for a particular purpose with respect to the Service. NVS data may include a limited lien search capability for entities who chose to list their liens with NVS. This is database is not a comprehensive list of all liens that may exist on the vehicle and user should pull the most current title record from the most current state of title to determine whether liens exist. A theft check is provided through a mirror of NCIC data. ADD does not warrant that the NCIC data is complete or accurate. The user should determine and be aware that delays in reporting stolen vehicles by police agencies can sometimes make NCIC data inaccurate or incomplete and users are encouraged to run a follow on NVS report sometime after the initial report to determine whether the vehicle was reported stolen.

11. The Account Subscriber is responsible for implementing sufficient procedures and checkpoints to satisfy its requirements for accuracy of data input and for maintaining a secure means external to ADD for the reconstruction of any lost data. ADD will maintain a copy of the State motor vehicle record requested by the Account Subscriber for a period of six-months and will maintain a log of the inquiry for a period of 5 years.

12. The Account Subscriber is responsible for implementing sufficient safeguards and procedures to securely protect any personal information it may maintain on its local computer and/or internal database(s). The Account Subscriber and its users will be responsible for maintaining the confidentiality and protecting of all personal information obtained from a State motor vehicle record and will indemnify ADD and the State record providers against liability for the unauthorized use, misuse or disclosure of this sensitive

information. Account Subscriber is required to notify ADD of any misuse of or breach of personal information obtained from any State jurisdiction through ADD online service. Upon notification of a breach, ADD will notify the individual whose information has been compromised or of any unauthorized access, distribution, use, modification or disclosure of the personal information. Failure to comply with this provision may subject the Account Subscriber to criminal and financial penalties.

13. ADD and the Account Subscriber agree to adhere to the policies, procedures, operation instructions, and all applicable laws or regulations issued by the respective State motor vehicle providers with regard to access to Motor vehicle records. The Account Subscriber shall be responsible for all record keeping or data tracking required for compliance with applicable Federal, State or local laws. Furthermore, the Account Subscriber shall be responsible for compliance with the State and Federal Driver Privacy Protection Act (s) as well as other applicable Federal or State laws. Any violation of applicable Federal and State laws by the Account Subscriber shall be a violation of the conditions of this agreement. Inquiries to State motor vehicle records shall be provided by ADD, Inc. User shall be solely responsible for the proper and lawful use of such inquiries and expressly releases ADD, Inc. and ADD from any liability to ascertain the qualification of user, the appropriateness of the inquiry or for the misuse of data or passwords to obtain such data. Account Subscriber expressly agrees to Indemnify and hold ADD, Inc. and ADD harmless for misuse by user, its employees or persons obtaining access to the add123.com website.

14. Account Subscriber will ensure that motor vehicle records, letters processed through ADD's DirectPost-Office service and any other product or service provided by ADD will not be modified or falsified by the Account Subscriber or its users. Modification or falsification of any ADD service or product is strictly prohibited and will result in the termination of the account.

15. Driving history data (MVR) transmitted for employment purposes shall be governed by the Fair Credit Reporting Act (FCRA) or similar State Statute. The Account subscriber certifies that:

    a. It has disclosed to the applicant or employee in advance that a driving history is being ordered;
    b. it has obtained written consent from the applicant or employee to order the driving history;
    c. before denying a job or taking adverse action based on the data included in the driving history that it has provided the applicant or employee with a copy of the driving history used and;
    d. it has not violated any State or Federal equal employment opportunity law or policy.

    Furthermore, the Account Subscriber certifies that, if it refused to hire someone based in part or whole on the MVR, it has notified the applicant of the adverse action and provided the applicant with information regarding his/her rights.

16. A minimum pre-paid credit balance/deposit established by ADD, monthly access fees for individual services and an account activation fee, established by ADD, may be required to initiate service. Account balance information is available on the web site at time of use. Accounts which have not been accessed for a period of more than 6 months may be subject to a $15.00 per month maintenance fee. This fee shall be deducted from any funds remaining in the pre-paid account. Following the depletion of these funds the account may be deactivated. ADD may offer automated payment services if authorized by the Account Subscriber.

17. Charges for service provided under this agreement will be accumulated either on a per transaction basis and/or monthly access fee by Auto Data Direct Financial Services, Inc. All fees will be deducted from the Account Subscriber's pre-paid credit balance and may result in a negative balance and suspension of service. It is the responsibility of the Account Subscriber to maintain the credit balance at the prescribed amount as necessary to maintain usage. ADD system will prohibit access to Motor vehicle records when the credit balance is $1.00 or less.

18. Upon notice ADD, may modify these terms.

                     REV. 10/5/2020

19. ADD may at its sole discretion and without notice to Account Subscriber (a) suspend its performance under this agreement and Account Subscriber's access to and use of the Service or (b) terminate this agreement and Account Subscriber's access to and use of the Service.

20. Failure to comply with the provisions of this agreement may result in the termination of this agreement and suspension or cancellation of all password access.

21. Account Subscriber agrees that it has read, consents to and agrees to be bound by the Terms of Use applicable to the service used and found at add123.com/tou and incorporated herein by this reference.

22. Any dispute under this agreement shall be governed by the laws of Florida; venue shall be in Leon County, Florida. Disputes shall be resolved by expedited arbitration under the American Arbitration Association (AAA) rules and procedure. No dispute of any party to this agreement may be resolved by class arbitration.

23. Respect for Personnel. Account Subscriber acknowledges and agrees that ADD's personnel have been acquired and trained by ADD at considerable expense. Throughout the use of this agreement and for a period of 1 year following the Account Subscriber's conclusion of this agreement, Account Subscriber shall not knowingly solicit for employment or employ any employee of ADD. If Account Subscriber fails to abide by the restrictions contained herein, then Account Subscriber agrees to pay to ADD a placement fee of 150% of the former employee's total gross earnings during the employee's last 12 months of employment by ADD, which Account Subscriber shall pay to ADD within 10 days of demand.

24. Rates for service shall be set forth in the schedule of rates provided by ADD, either in writing or if published on ADD web site and are subject to change without notice.

25. Account Subscriber shall be responsible to pay all applicable sales and use taxes, if any.

26. This account is not transferable without prior consent from ADD and will be subject to any account limits established by ADD.

27. This agreement shall continue by either party until terminated by either party as provided in section 2 above.

| POSTR LLC | | RENEW TAGS | |
|---|---|---|---|
| COMPANY NAME | | DOING BUSINESS AS (DBA) | |

| OTHER | | 83-1256276 | |
|---|---|---|---|
| TYPE OF BUSINESS | | EMPLOYER ID NUMBER (EIN OR FEID) | |

| 562-659-3024 | | 05542 | |
|---|---|---|---|
| BUSINESS TELEPHONE NUMBER | | PROFESSIONAL LICENSE NUMBER (IF APPLICABLE) | |

| LOS ANGELES | | 05542 | |
|---|---|---|---|
| COUNTY OF LICENSURE/BUSINESS LOCATION | | COUNTY OCCUPATIONAL LICENSE | |

| 10120 TIGRINA AVE | | WHITTIER, CA | 90603 |
|---|---|---|---|
| COMPANY ADDRESS | (physical) | CITY, STATE | ZIP CODE |

| 10120 TIGRINA AVE | | WHITTIER, CA | 90603 |
|---|---|---|---|
| COMPANY ADDRESS | (mailing) | CITY, STATE | ZIP CODE |

Page 4 of 5 98961                                                                REV. 10/5/2020

LEE PERINE
**CONTACT PERSON (REQUIRED)**

HELLO@RENEWTAGS.CO
**CONTACT PERSON'S E-MAIL ADDRESS (REQUIRED)**

Lee Perine / CEO
**COMPANY OFFICER NAME & TITLE (print)**

**COMPANY OFFICER SIGNATURE**

1/17/22
**DATE**

Elizabeth D Marsh, Manager
**AUTO DATA DIRECT NAME & TITLE**

Elizabeth D Marsh
**ADD AUTHORIZED SIGNATURE**

1/20/22
**DATE**

Page 5 of 5 98961                                                            REV. 10/5/2020

# Auto Data Direct, Inc. Terms of Use

**Auto Data Direct, Inc. Terms of Use for Businesses Accessing Motor Vehicle Records**

## ACCEPTANCE OF TERMS

Welcome to Auto Data Direct, Inc.'s (ADD) motor vehicle record service (coined DMV123) for accessing vehicle data in accordance with the Federal Driver Privacy Protection Act (DPPA). Auto Data Direct's system is for the sole use of businesses qualified under the DPPA. Auto Data Direct, Inc. provides its service, subject to the following Terms of Use (TOU), which may be updated from time to time without notice. The most current version of the TOU may be reviewed at any time at http://www.add123.com/AutoDataDirectTerms.

Auto Data Direct, Inc. provides its clients with access to a collection of resources including various form completion tools through its online network. Unless explicitly stated otherwise, any new feature that augments or enhances the current service, including the release of new Auto Data Direct, Inc. programs, shall be subject to the TOU. **Acceptance of this TOU is required prior to obtaining access to the DMV123 service.**

## DESCRIPTION OF SERVICE

Auto Data Direct's service consists of proprietary programming and databases as well as proprietary programming and databases of "associate entities" such as the American Association of Motor Vehicle Administrators (AAMVA), State motor vehicle databases and others. Auto Data Direct, Inc.'s system provides online tools to access motor vehicle records through state motor vehicle databases and the National Motor Vehicle Title Information System (NMVTIS).

Auto Data Direct will provide a web-based interface for the User to electronically access motor vehicle information. In addition, Auto Data Direct may allow the User to create and print forms incorporating the obtained vehicle data.

Auto Data Direct Users understand and agree that the service is provided "AS-IS" and that neither Auto Data Direct, Inc., nor its associate entities assume responsibility for business or consequential damages caused directly or indirectly by use of the system including but not limited to deletion, mis-delivery, failure to store any User communications or timeliness of the data.

The User is responsible for obtaining access to the service as a qualified Auto Data Direct, Inc. User in good standing. Access to Auto Data Direct, Inc.'s services may involve third party fees (such as Internet service provider or airtime charges). The User is responsible for these fees and in addition, must provide and be responsible for all equipment necessary to access Auto Data Direct.

# NO RESALE OF SERVICE

User is granted a single license for single use of the data. The User agrees not to reproduce, duplicate, copy, sell, resell or exploit for any commercial purposes, any portion of Auto Data Direct, use of Auto Data Direct, or access to Auto Data Direct.

**Resale or distribution of DPPA protected personal information in motor vehicle records is specifically prohibited.**

# AUTO DATA DIRECT, INC.'S PROPRIETARY RIGHTS

The User acknowledges and agrees that the Auto Data Direct service and any necessary software used in connection with the Auto Data Direct product ("software") contain proprietary and confidential information that is protected by applicable intellectual property and other laws. Except as expressly authorized by Auto Data Direct, Inc., the User agrees not to modify, rent, lease, loan, sell, distribute or create derivative works based on Auto Data Direct or the Software, in whole or in part.

Auto Data Direct, Inc. grants the User a personal, non-transferable and non-exclusive right and license to use the object code of its Software; provided that the User does not (and does not allow any third party to) copy, modify, create a derivative work of, reverse engineer, reverse assemble or otherwise attempt to discover any source code, sell, assign, sublicense, grant a security interest in or otherwise transfer any right in the software. The User agrees not to modify the Software in any manner or form, or to use modified versions of the Software, including (without limitation) for the purpose of obtaining unauthorized access to Auto Data Direct. The User agrees not to access Auto Data Direct by any means other than through the interface that is provided by Auto Data Direct, Inc. for use in accessing Auto Data Direct.

# DISCLAIMER OF WARRANTIES

THE USER EXPRESSLY UNDERSTANDS AND AGREES THAT:

A. USE OF AUTO DATA DIRECT IS AT THE USER'S SOLE RISK. AUTO DATA DIRECT IS PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS. AUTO DATA DIRECT, INC. EXPRESSLY DISCLAIMS ALL WARRANTIES OF ANY KIND, WHETHER EXPRESSED OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT.

B. AUTO DATA DIRECT, INC. MAKES NO WARRANTY THAT (I) THE SERVICE WILL MEET THE USER'S REQUIREMENTS, (II) THE SERVICE WILL BE UNINTERRUPTED, TIMELY, SECURE, OR ERROR-FREE, (III) THE RESULTS THAT MAY BE OBTAINED FROM THE USE OF THE SERVICE WILL BE ACCURATE OR RELIABLE, (IV) THE QUALITY OF ANY PRODUCTS, SERVICES, INFORMATION, OR OTHER MATERIAL

PURCHASED OR OBTAINED BY THE USER THROUGH THE SERVICE WILL MEET EXPECTATIONS, AND ANY ERRORS IN THE SOFTWARE WILL BE CORRECTED.

C. ANY MATERIAL DOWNLOADED OR OTHERWISE OBTAINED THROUGH THE USE OF THE SERVICE IS DONE AT THE USER'S OWN DISCRETION AND RISK AND THE USER WILL BE SOLELY RESPONSIBLE FOR ANY DAMAGE TO THEIR COMPUTER SYSTEM OR LOSS OF DATA THAT RESULTS FROM THE DOWNLOAD OF ANY SUCH MATERIAL.

D. NO ADVICE OR INFORMATION, WHETHER ORAL OR WRITTEN, OBTAINED BY THE USER FROM AUTO DATA DIRECT, INC. OR THROUGH OR FROM THE SERVICE SHALL CREATE ANY WARRANTY NOT EXPRESSLY STATED IN THE TOU.

## LIMITATION OF LIABILITY

THE USER EXPRESSLY UNDERSTANDS AND AGREES THAT AUTO DATA DIRECT, INC. SHALL NOT BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR EXEMPLARY DAMAGES, INCLUDING BUT NOT LIMITED TO, DAMAGES FOR LOSS OF PROFITS, GOODWILL, USE, DATA OR OTHER INTANGIBLE LOSSES (EVEN IF AUTO DATA DIRECT, INC HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES), RESULTING FROM: (I) THE USE OR THE INABILITY TO USE THE SERVICE; (II) THE COST OF PROCUREMENT OF SUBSTITUTE GOODS AND SERVICES RESULTING FROM ANY GOODS, DATA, INFORMATION OR SERVICES PURCHASED OR OBTAINED OR MESSAGES RECEIVED OR TRANSACTIONS ENTERED INTO THROUGH OR FROM THE SERVICE; (III) UNAUTHORIZED ACCESS TO OR ALTERATION OF THE USER'S TRANSMISSION OR DATA; (IV) STATEMENTS OR CONDUCT OF ANY THIRD PARTY ON THE SERVICE; OR (V) ANY OTHER MATTER RELATING TO THE SERVICE.

DATA FROM STATE DATABASES MAY VARY OR BE INCOMPLETE. VEHICLES MAY BE REGISTERED OR TITLED IN MULTIPLE STATES. USERS ARE STRONGLY ENCOURGED TO USE AUTO DATA DIRECT'S NMVTIS VEHICLE HISTORY REPORT TO RESEARCH CURRENT STATE OF TITLE AND THEFT STATUS IN CONJUCTION WITH STATE MOTOR VEHICLE RECORDS.

## ARBITRATION

THE PARTIES HEREBY AGREE, IN CONSIDERATION OF THE FORGOING AND AS A CONDITION OF ACCEPTING SERVICE, THAT ANY CLAIM OR DISPUTE (INCLUDING THOSE BASED ON CONTRACT, NEGLIGENCE, TORT OR STATUTE) AMONGST THE PARTIES INCLUDING, BUT NOT LIMITED TO ANY THIRD PARTY CLAIM AND OR CLAIM FOR INDEMNITY OF CONTRIBUTION, *ARISING OUT OF OR RELATED TO THIS AGREEMENT AND/OR THE SERVICES PROVIDED BY AUTO DATA DIRECT, INC. UNDER THIS AGREEMENT,* SHALL BE RESOLVED BY BINDING ARBITRATION IN

ACCORDANCE WITH THE RULES AND REGULATIONS OF THE AMERICAN ARBITRATION ASSOCIATION, ACCELERATED PROCEDURES. VENUE SHALL BE EXCLUSIVELY IN LEON COUNTY FLORIDA. EACH PARTY SHALL BEAR THEIR OWN COSTS (INCLUDING ARBITRATION COSTS) AND ATTORNEY'S FEES.

# NOTICE

Notice to the User may be made either by email or regular mail. Auto Data Direct, Inc. may also provide notices of changes to the TOU or other matters by displaying notices or links to notices on Auto Data Direct, Inc.

# CONTACT INFORMATION

Auto Data Direct, Inc. may be contacted in the following manner:

By mail:

Auto Data Direct, Inc.
1379 Cross Creek Circle
Tallahassee, FL 32301-3729

By phone: (850) 877-8804

By email: info@add123.com

# GENERAL INFORMATION

This TOU constitutes the entire agreement between the User and Auto Data Direct, Inc. and governs the use of Auto Data Direct; superseding any prior agreements between the User and Auto Data Direct, Inc. The User may also be subject to additional terms and conditions that may apply when utilizing affiliate services, third-party content or third-party software. The TOU and the relationship between the User and Auto Data Direct, Inc. shall be governed by the laws of the State of Florida without regard to its conflict of law provisions and such disputes shall be resolved by expedited arbitration under the AAA rules and procedure. The User and Auto Data Direct, Inc. agree to submit to the personal and exclusive jurisdiction of the courts located within the State of Florida. The failure of Auto Data Direct, Inc. to exercise or enforce any right or provision of the TOU shall not constitute a waiver of such right or provision. If any provision of the TOU is found by a court of competent jurisdiction to be invalid, the parties nevertheless agree that the court should endeavor to give effect to the parties' intentions as reflected in the provision, and the other provisions of the TOU remain in full force and effect. The User agrees that regardless of any statute or law to the contrary, any claim or cause of action arising out of or related to use of the service or the TOU must be filed within three (3) years after such claim or cause of action arose or be forever barred.

The User understands that all motor vehicle record fees will be paid in advance. The User is responsible for maintaining sufficient funds in their "pre-paid" account to pay for all services offered via Auto Data Direct. If there is a shortage of funds in the User's account, then Auto Data Direct's system will not process the transaction. Account balance information is available on the website at time of use. Accounts which have not been accessed for a period of more than six (6) months shall be subject to a $15.00 per month maintenance fee. This fee shall be deducted from any funds remaining in the pre-paid account. Following the depletion of these funds, the account will be deactivated. Simply logging into the account within the six (6) month period will keep the account active. Auto Data Direct, Inc. offers automated payment (AutoPay) services if authorized by the User.

Rates for service, including a monthly and/or annual fee, are subject to change and shall be set forth in the schedule of rates and provided in writing by Auto Data Direct, Inc.

Cancellation of service must be done by contacting Auto Data Direct, Inc.

Data such as VIN (vehicle identification number), tag, title, vessel number should be verified prior to submissions. Accounts will be charged for incorrect entries and records not found in a state database.

Auto Data Direct, Inc. will maintain an on-line archive of each motor vehicle transaction for a period of 90 days after which time Auto Data Direct, Inc. will maintain an off-line record for a period of 5 years.

This agreement is subject to any restrictions, limitations or conditions enacted by State Legislatures or State Motor Vehicle Agencies, which may affect any or all terms or provisions of this agreement in any manner. The User understands that Auto Data Direct, Inc. must comply with legally valid subpoenas.

This agreement is not assignable by the User either in whole or in part without the express written consent of Auto Data Direct, Inc.

Auto Data Direct, Inc. may at its sole discretion and without notice to the User, (a) suspend its performance under this TOU and the User's access to and use of the service or (b) terminate the User's access to and use of the service.

Failure to comply with the provisions of this TOU may result in termination and suspension or cancellation of all password access. **SHARING OF USERNAMES AND PASSWORDS IS STRICTLY PROHIBITED.** Each Company may have an unlimited number of authorized users.

The User agrees that this agreement is subject to the Federal Driver Privacy Protection Act and that all personal information and vehicle information, which is considered privileged and confidential under Federal law and is contained in any registration information forwarded to the User under this agreement. Any release of information by the User to any unauthorized individual or other legal entity will result in Auto Data Direct, Inc. terminating this agreement,

and the User will hold Auto Data Direct, Inc. and State Motor Vehicle Agencies harmless for any resulting damage or loss. Notwithstanding any other time limits herein, Auto Data Direct, Inc. may terminate this agreement for such unauthorized use or disclosure by written notice to the User, such notice to be effective upon facsimile (fax) transmission to the User or five (5) days from the date of mailing of such notice.

The User will conduct a motor vehicle transaction in "real-time" utilizing the computer interface designed by Auto Data Direct, Inc. Furthermore, Auto Data Direct, Inc. will approve the connectivity utilized by the User to interface with the motor vehicle databases.

## Federal Driver Privacy Protection Act (DPPA)

Personal information (including, but not limited to: name, address, date of birth, DL number) appearing on driver and vehicle records is protected by the Federal Driver Privacy Protection Act (DPPA). The use of personal information for reasons not allowed by the DPPA will result in loss of information access privileges and may result in civil or criminal liability.

**ANY PERSON WHO KNOWINGLY DISCLOSES ANY INFORMATION IN VIOLATION OF THE FEDERAL DRIVER PRIVACY PROTECTION ACT (DPPA) MAY BE SUBJECT TO CRIMINAL SANCTIONS AND CIVIL LIABILITY SPECIFIED IN LAW FOR UNAUTHORIZED USE OF THE DATA.**

## National Motor Vehicle Title Information System (NMVTIS)

In the event a state record has the ability to be merged with a NMVTIS record and a state record comes back with a record not found response, queries by anything other than a VIN will be unable to display a NMVTIS record.  NMVTIS records can only be obtained by VIN which is available on records found in a state database or by a VIN entered by the account user.  NMVTIS data is governed by limitations of AAMVA (View NMVTIS Disclosure Statement).

## Disclaimer

This information is provided by state motor vehicle agencies, but is NOT considered a "certified" record. Auto Data Direct, Inc. is not responsible for the unauthorized use of the information provided from the state's databases.

# INDEMNITY

The User agrees to indemnify and hold Auto Data Direct, Inc. and its subsidiaries, affiliates, officers, agents, associate entities and employees, harmless from any claim or demand, including reasonable attorneys' fees made by any third party due to or arising out of: the User's use or misuse of the system or the data provided, the content submitted, posted, transmitted or made available through Auto Data Direct by the User; the User's connection to Auto Data Direct; the User's violation of the TOU, or the User's violation of any rights of another.

User shall be responsible to pay all applicable sales and use taxes, if any.

```
select * from inquiries_tou where username = 'lperine'
```

ne [Query 1]

)utput | Explain | Messages | History

| id integer | agreement_id integer | completed_date timestamp with time zone | username character varying(50) | accepted boolean |
|---|---|---|---|---|
| 97420 | 39 | 2022-01-20 09:59:01.39173-05 | lperine | t |

```
select id, agreement_name from account_agreements where id = 39
```

ine [Query 1]

)utput | Explain | Messages | History

| id integer | agreement_name character varying(100) |
|---|---|
| 39 | DMV123 TOU 2014 |

# Perine and POSTR Accepted DMV123 TOU
# on Jan 20, 2022

 **AutoDataDirect, Inc.**     **Electronic Records User Registration**

Please complete all applicable information below (print clearly), make copies for your files, sign and return originals to:

| | |
|---|---|
| AutoDataDirect, Inc. | Phone Number: (850) 877-8804 |
| 1830 E. Park Ave Suite 1 | Fax Number: (850) 877-5910 |
| Tallahassee, FL 32301-3729 | Email: info@add123.com |

*Name of User:    LEE PERINE

*Telephone #:    562-659-3024

*Company Name:    POSTR LLC

User Fax #:

*Company Address:    10120 TIGRINA AVE

*User Driver Lic.#.:    B9718645

*City, State, Zip    WHITTIER, CA 90603

*User E-Mail:    HELLO@RENEWTAGS.CO

* Required fields

Email for use by ADD for business only

**I have read the Federal Driver's Privacy Protection Act (DPPA) and understand the fourteen (14) defined legal uses of personal information (Name, Address, DOB, etc.) detailed in the Act and summarized by corresponding number below. I will be requesting personal information for the following permissible use(s) only:**

**Check all that apply – See DPPA for specifics:**

☐ **01** For government agency or private entity acting on behalf of a Federal, State or local agency.

☐ **02** For matters of vehicle or driver safety and theft; emissions; product alterations, recalls or advisories.

☒ **03** Verify information submitted by individual; if info not correct, to obtain correct info to prevent fraud, pursue legal remedies against or recovery of debt.

☐ **04** In connection with a court proceeding.

☐ **05** Research and statistical analysis; personal info cannot be published, redisclosed, used to contact person.

☐ **06** Insurance underwriting, rating, claims and antifraud.

☐ **07** Owner notice regarding towed or impounded vehicles.

☐ **08** Private investigator or licensed security service use subject to DPPA additional restrictions.

☐ **09** By employer/agent/insurer to obtain info relating to holder of Commercial DL as required by the CMVSA.

☐ **10** Operation of Private toll transportation facilities.

☐ 11 If state has "opt out" any other legal use. **Not available from ADD for this purpose.**

☐ 12 If state has "opt out" Bulk distribution. **Not available from ADD for this purpose.**

☐ **13** With written consent of individual to whom the information pertains.

☐ **14** Use specifically authorized by a state, if such use is related to the operation of a motor vehicle or public safety.

**Any person who knowingly discloses any information in violation of the Driver Privacy Protection Act (DPPA) may be subject to criminal sanctions and civil liability specified in State law for unauthorized use of the data.**

**I certify that any use of all information provided by any State Agencies through Auto Data Direct, Inc. will be subject to the Auto Data Direct, Inc. Electronic Records Account Agreement and Electronic Records User Registration terms of use and is allowable under the provisions of the DPPA as indicated above. This certification shall apply to each and every record accessed by the Username and Password assigned to me, through Auto Data Direct, Inc. I also understand that the Username and Password assigned to me by Auto Data Direct, Inc. is for my use only and is not to be shared with any other person. If any information given above, the nature of my business or use of accessed DHSMV records changes, it is my responsibility to complete a new User Registration or notify Auto Data Direct, Inc. of termination. This certification form cannot be changed or modified without the express prior written permission of Auto Data Direct, Inc, signed by an officer.**

User Signature: _____    Date: 1/17/2022

Print Name:    LEE PERINE    Title: CEO

**Please review the Federal Driver's Privacy Protection Act at www.add123.com/dppa**    04/18/2018

98964

# LEON COUNTY Receipt of Transaction
## Receipt #    1883933

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Robert Cox

,

**On Behalf Of:**

On: 11/7/2025   9:17:16AM
Transaction # 101182557
Cashiered by: L WILLIAMS

,

**CaseNumber   2025 CA 002169**

**Judge   JOHN C COOPER**

**AUTO DATA DIRECT, INC.,   VS   LEE PERINE**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| Total: | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| Grand Total: | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 235123009 | OK | 400.00 | 0.00 | 0.00 | 0.00 | 400.00 |
| | Payments Total: | | 400.00 | 0.00 | 0.00 | 0.00 | 400.00 |

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**AUTO DATA DIRECT INC**

    Plaintiff

vs                                                 CASE NO.: 2025 CA 002169

**LEE  PERINE**

    Defendant

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with the Florida Rules of Civil Procedure (amendments effective January 1, 2025), and Second Judicial Circuit Administrative Order 2024-08, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

    **I.  Projected Trial Date**

        All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

        All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

        All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

        A change in the above designations may be made by the presiding judge on the judge's own initiative or upon the motion of any party. Should any party assert that a civil case should be treated other than as designated above, such party shall file a written motion requesting such change, and the motion shall be expeditiously resolved by the presiding judge.

## II.  Setting Action for Trial

The failure of the pleadings to be closed will not preclude the court from setting a case for trial (See Rule 1.440). If the court finds an action ready to be set for trial on a party's motion or on the court's own initiative, the court will enter a Trial Order pursuant to Rule 1.440. Motions to Continue Trial are disfavored. Any Motions to Continue Trial must comply with Rule 1.460.

## III. Mandatory Deadlines for Streamlined Cases

If the case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

1. 120 days after filing: Service of Complaints
2. 150 days after filing: Service under any Extension of Time
3. 180 days after filing:   Adding New Parties, and filing of any objections to pleadings
4. 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
5. 260 days after filing: Completion of Fact and Expert Discovery, and filing of all Pretrial motions, including Motions for Summary Judgment
6. 320 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment and mediation
7. 360 days after filing: Projected Trial Date (as required by Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B))

## IV.  Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

1. 120 days after filing: Service of Complaints
2. 180 days after filing: Service under any Extension of Time
3. 210 days after filing: Adding New Parties, and filing of any objections to pleadings
4. 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
5. 400 days after filing: Completion of Fact and Expert Discovery, and filing of all Pretrial motions, including Motions for Summary Judgment

6. 480 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment and mediation

7. 540 days after filing: Projected Trial Date (as required by Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B))

## V.  Conferral Requirements and Mediation

All parties must comply with the conferral requirements detailed in Rule 1.202. All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Florida Rules of Civil Procedure, Rules 1.700 - 1.730.

## VI.  Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, law, or the sound discretion of the court.**

**Failure to appear at a case management conference, the pretrial conference or failure to comply with the new civil rules or terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs. See Florida Rules of Civil Procedure, Rules 1.200(j) and (k), 1.280(k), and 1.380.**

## VII. Hearings by Audio-Video Technology

Each judge is responsible for establishing a process for conducting hearings by audio-video technology.

Saturday, November 8, 2025

JOHN C COOPER CIRCUIT JUDGE

JOHN C COOPER
Circuit Judge

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT**
**IN AND FOR LEON COUNTY, FLORIDA**

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                                        Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit Corporation,
ROBERT RIEGER, individually,

Defendants.
_____/

### PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW,** the Plaintiff, Auto Data Direct, Inc., (hereinafter referred to as "ADD"),

through undersigned counsel, and sues Defendant, Postr, LLC, doing business as Renew Tags,

(hereinafter "Postr"), Lee Perine, individually, Yotta Automated Software Solutions, Inc.,

(hereinafter "YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, and

would state as follows:

### SUBJECT MATTER JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of $50,000.00, exclusive of interest, costs

and attorney's fees and for equitable and injunctive relief and is thus, within the jurisdiction of this

Court.

2.      Venue is proper in Leon County, Florida, under Section 47.011 and 47.051, Fla.

Stat., as Leon County is the county where the cause of action accrued.  Additionally, ADD's

Agreement and Terms of Use, which were signed by Defendant Perine, individually, and in his

capacity as CEO of Postr, establish Venue in Leon County, Florida.

1

3.     Plaintiff, ADD, is a Florida for-profit corporation in continuous operation since October 22, 1999, with its principal current place of business located at 1830 East Park Avenue, Suite #1 Tallahassee, Leon County, Florida.

4.     ADD's primary business is to provide real time access to motor vehicle title, and lienholder data under contracts with 45 state agencies responsible for maintaining the title and lienholder information on motor vehicles, such as, for example, the Florida Department of Highway Safety and Motor Vehicles.  Under both Federal and State laws Motor Vehicle Title data, including the owner's address, is confidential private information which can be released only for specific legitimate business purposes as set out the Driver's Privacy Protection Act, 18 USC section 2721, et. seq. (hereinafter "DPPA").

5.     Defendant, Postr, was a California limited liability company with its principal place of business located at 10120 Tigrina Avenue, Whittier, Los Angeles County, California.  Postr was in operation from July 14, 2018 until May 1, 2025.  Postr was doing business as Renew Tags and held a Commercial Requester Account Approval from the California Department of Motor Vehicles and represented itself to ADD as a California Tag Renewal Agency.

6.     Defendant Lee Perine, at all times, was a sui juris individual who was residing at 10120 Tigrina Avenue, Whittier, Los Angeles County, California, which was also the corporate address for Postr LLC.  At all time relevant, Perine was Postr's Chief Executive Officer ("CEO") and co-founder of YASSI.

7.     YASSI, is a foreign for-profit corporation, which is registered and licensed to do business in Florida, with its mailing address listed as 7901 4th St N, Ste 300, St. Petersburg, FL 33702 and has appointed a registered agent in Florida.

2

8. Defendant Robert Reiger, at all times, was a sui juris individual who is a California resident and is a co-founder and CEO of YASSI.

9. YASSI has a contract to access data from the Florida Department of Highway Safety and Motor Vehicles ("FLHSMV") and provides data to Florida businesses. YASSI's services, which are the subject of this complaint, are conducted throughout Florida.

10. This Court has jurisdiction over Defendants pursuant to § 48.193 (1)(a)1., (1)(a)2., (1)(a)7., Fla. Stat., as YASSI is operating, conducting, engaging in, or carrying on a business in Florida. Defendants Postr and Perine have specifically consented to personal jurisdiction in the State of Florida as set forth in ADD's Terms of Use contract. Additionally, this Court has jurisdiction over Defendants YASSI, Postr, Perine and Reiger pursuant to § 48.193 (1)(a)1., (1)(a)2., (1)(a)7., Fla. Stat., as these defendants have committed a tortious act, including but not limited to engaging in a civil conspiracy as described more particularly below to defraud ADD, and/or breached the ADD contract within the state. Furthermore, Defendants have engaged in substantial and not isolated activity within this state sufficient to establish minimum contacts as more particularly set forth below.

## GENERAL ALLEGATIONS

11. Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

12. ADD provides a suite of innovative, web-based tools that offer fast, accurate, real-time access to national motor vehicle information. Its core business is to provide real-time motor vehicle inquiry solutions to qualified companies under the Federal Driver's Privacy Protection Act (DPPA) that need automobile information to conduct daily business operations. ADD provides this service, in part, through a unique product ADD created called "DMV123."

13.    ADD offers access only to commercial entities who present evidence of a legitimate purpose for use of the data under the DPPA and access is only available to authorized entities and users who have agreed to be bound by the ADD Terms of Use and other documents restricting the use of the data and limiting efforts to replicate or copy the ADD system.

14.    Companies that are qualified entities under the DPPA include: towing companies, automobile dealers, automobile tag agencies, government entities, attorneys, financial institutions and insurance companies. This is ADD's primary market audience and ADD's core customers.

15.    Prior to accessing personal information on a motor vehicle record, a company applying for access through ADD must complete an (a) Account Agreement, (b) Terms of Use, and (c) a User Registration Form.  In the User Registration Form the company explicitly identifies the DPPA exemption that the company and user qualify under. *Please see aforementioned documents attached and incorporated herein as Plaintiff's Composite "Exhibit A."*

16.    On or about January 17, 2022, Postr's CEO, Defendant Perine applied for an account with ADD for Postr LLC's d/b/a Renew Tags to become an Authorized Subscriber of ADD's proprietary software services known as DMV123 and for Perine to be an authorized user. Perine and Poster fraudulently represented themselves as a California motor vehicle tag agency that needed lawful access to various states' DMV data concerning motor vehicle registrations, titles and driver license information to run its business.

17.    As part of the verification process, ADD required Perine to provide a driver's license as proof of identity.  Mr. Perine is also YASSI's co-founder and Vice President of Sales and Strategic Partnerships.

18.    As part of the verification process, Perine and Postr provided proof of a California Secretary of State Business License. *Please see Figure #1 below.*

4



*Figure 1. Postr's California Business License*

19.    Additionally, Perine and Poster provided California Department of Motor Vehicle "California Requester Approval" as part of the verification process. *Please see Figure #2 below.*

5

CALIFORNIA STATE TRANSPORTATION AGENCY

**DEPARTMENT OF MOTOR VEHICLES**
INFORMATION SERVICES BRANCH
ACCOUNT PROCESSING UNIT
P. O. BOX 944231 MAIL STATION H221
SACRAMENTO, CA 94244-2310
(916) 657-5564

GAVIN NEWSOM, Governor



## COMMERCIAL REQUESTER ACCOUNT APPROVAL

**Account Number:** AE0827

**Expiration Date:** 06/29/2023

| Requester | : Renew Tags |
|---|---|
| ATTN | : Lee Perine |
| Address | : 10120 Tigrina Ave. |
| City, State Zip Code | : Whittier, CA 90603 |

☑ Your Commercial Requester Account Original Application _____ has been processed.

☐ You have been approved to receive residence address information. A $50,000 surety bond is required prior to the release of residence address information. Please complete and submit the enclosed Commercial Requester Account Surety Bond (INF 1132). You will only receive basic record information without residence address until the bond is received and approved.

☐ A refund in the amount of $ _____ is being processed. Please allow 6-8 weeks for delivery.

☐ See enclosed Branch Location (INF 1106 BL) for additional requester codes issued to your account.

☐ Your previous Commercial Requester Account will be closed in ten days.

☑ The Information Security Statement (INF 1128) must be retained at your worksite. **DO NOT SEND TO DMV.**

☐ Other:

**NOTE:**   Please refer to the above Account Number and subsequent Requester Code(s) with any correspondence regarding your account.

The proposed use, type record, address access, on-line access through a service provider, and Requester Code(s) issued are:

| PROPOSED USE | | ONLINE ACCESS | REQUESTER CODE(S) |
|---|---|---|---|
| As stated on your application dated:      06/10/2021 | | ☑ Yes | ☑ Approved |
| TYPE VR/DL/OL | ADDRESS ACCESS Basic Record Only | ☐ No | GK827 |
| As stated on your application dated: | | ☐ Yes | ☐ Approved |
| TYPE | ADDRESS ACCESS | ☐ No | |
| As stated on your application dated: | | ☐ Yes | ☐ Approved |
| TYPE | ADDRESS ACCESS | ☐ No | |
| As stated on your application dated: | | ☐ Yes | ☐ Approved |
| TYPE | ADDRESS ACCESS | ☐ No | |

*If you are using a Service Provider, you must provide them with a copy of this letter before receiving services.*

The Account Requester Code is a confidential, non-transferable number that is specific to your business and should not be shared unless authorized by the Department. (See Commercial Requester Information Handbook [INF 2105] on the DMV website at **www.dmv.ca.gov**). This code should be used only by your business for the approved specific permissible purpose(s) as stated on the Commercial Requester Account Application (INF 1106). Pursuant to *California Vehicle Code* §1808.45, the unauthorized disclosure of information from any departmental record is a misdemeanor.

| DMV ACCOUNT PROCESSING TECHNICIAN | DATE |
|---|---|
| J. GARCIA III | 06/29/2021 |

California Relay Telephone Service for the deaf or hard of hearing from TDD Phones: 1-800-735-2929; from Voice Phones: 1-800-735-2922
INF 1145 (REV 1/2019) UH                    *A Public Service Agency*

***Figure 2- Postr's Commercial Requester Account Approval.***

6



*Figure #3 Mr. Perine provided the State of California, Department of Motor Vehicles license as a Registration Service for California's license issued to Postr's Renew Tags.*

20.    Once ADD completes its qualification verification process, a company becomes an Authorized Subscriber ("Subscriber") and the DMV123 user can access motor vehicle information, and the relevant motor vehicle record is searchable by VIN, tag, or title number. Motor vehicle and title and lienholder records are available one-inquiry, one-record at a time, taken in real time from the applicable state DMV.  ADD charges a confidential per-transaction inquiry fee.  The user must indicate a purpose allowed under the DPPA when making each inquiry.

21.    On January 20, 2022, ADD accepted Postr's and Perine's application. Perine, individually and in his capacity of CEO of Postr, signed the ADD Electronic Records Account Agreement. *See Ex. A.*

22.    The Agreement includes the ADD Terms of Use ("TOU") and specifically advises the user of ADD's proprietary rights in the process and search systems and Perine and Postr agreed not to replicate, reverse engineer or build a derivative product based on the ADD software, processes, and product. *See Ex. A.*

7

23.    ADD's proprietary rights in DMV123, include the search data retrieved, display and formatting for inquiries, pricing, and the ADD access procedures among other processes and data.

24.    ADD's proprietary software/system DMV123 allowed Perine and Postr to access motor vehicle records throughout most U.S. state motor vehicle databases and the National Motor Vehicle Title Information System (NMVTIS) database.

25.    Perine and Postr stated that records were obtained under 18 U.S.C. §2721(b)(3) for use in the normal course of business by a legitimate business or its agents, employees, or contractors, as shown below.

I have read the Federal Driver's Privacy Protection Act (DPPA) and understand the fourteen (14) defined legal uses of personal information (Name, Address, DOB, etc.) detailed in the Act and summarized by corresponding number below. I will be requesting personal information for the following permissible use(s) only:

Check all that apply – See DPPA for specifics:

☐ 01 For government agency or private entity acting on behalf of a Federal, State or local agency.

☐ 02 For matters of vehicle or driver safety and theft; emissions; product alterations, recalls or advisories.

☒ 03 Verify information submitted by individual; if info not correct, to obtain correct info to prevent fraud, pursue legal remedies against or recovery of debt.

☐ 04 In connection with a court proceeding.

☐ 05 Research and statistical analysis; personal info cannot be published, redisclosed, used to contact person.

☐ 06 Insurance underwriting, rating, claims and antifraud.

☐ 07 Owner notice regarding towed or impounded vehicles.

☐ 08 Private Investigator or licensed security service use subject to DPPA additional restrictions.

☐ 09 By employer/agent/insurer to obtain info relating to holder of Commercial DL as required by the CMVSA.

☐ 10 Operation of Private toll transportation facilities.

☐ 11 If state has "opt out" any other legal use. Not available from ADD for this purpose.

☐ 12 If state has "opt out" Bulk distribution. Not available from ADD for this purpose.

☐ 13 With written consent of individual to whom the information pertains.

☐ 14 Use specifically authorized by a state, if such use is related to the operation of a motor vehicle or public safety.

Any person who knowingly discloses any information in violation of the Driver Privacy Protection Act (DPPA) may be subject to criminal sanctions and civil liability specified in State law for unauthorized use of the data.

I certify that any use of all information provided by any State Agencies through Auto Data Direct, Inc. will be subject to the Auto Data Direct, Inc. Electronic Records Account Agreement and Electronic Records User Registration terms of use and is allowable under the provisions of the DPPA as indicated above. This certification shall apply to each and every record accessed by the Username and Password assigned to me, through Auto Data Direct, Inc. I also understand that the Username and Password assigned to me by Auto Data Direct, Inc. is for my use only and is not to be shared with any other person. If any information given above, the nature of my business or use of accessed DHSMV records changes, it is my responsibility to complete a new User Registration or notify Auto Data Direct, Inc. of termination. This certification form cannot be changed or modified without the express prior written permission of Auto Data Direct, Inc, signed by an officer.

User Signature: _____    Date: 1/17/2022

Print Name: LEE PERINE    Title: CEO

*Figure #4 – Signature of Perine under DPPA compliance.*

8

26.     Between February 25, 2022 and November 14, 2022, Defendant Perine, on behalf of all Defendants, ran twenty inquiries on the ADD DMV123 system, which is an exceptionally small number of inquiries for vehicle tag agency.  A large portion of the inquiries were for vehicles owned by YASSI officers or YASSI itself.

27.     On April 26, 2022, Defendant Perine ran the vehicle of YASSI Director of Integrations and co-founder Justan Rieger.



*Figure #5- Justan Rieger April 26, 2022 California Vehicle Record for his 2015 Jeep Wrangler.*

9



*Figure #6 - YASSI Nevada Vehicle Record*

28.    On May 25, 2022, Defendant Perine conducted another Nevada Vehicle Record for a vehicle owned by YASSI.

29.    On May 26, 2022, Defendant Perine ran an inquiry for a Tesla owned by Yassi CEO Defendant Rieger.



*Figure #7- Rieger Nevada Vehicle Record*

30. On June 1, 2022, Defendant Perine conducted a California Vehicle Record search for a 2021 Jeep Wrangler also owned by Yassi CEO Rieger.



*Figure #8- Rieger California Vehicle Record*

31. Defendant Perine ran additional inquiries in (a) Alabama, (b) Arizona, (c) California, (d) Georgia, (e) Nevada, (f) Tennessee, (g) Texas and (h) Wisconsin. These transactions constitute a continuing course of action to obtain and misappropriate confidential and proprietary information from ADD's DMV123 software/system.

32. The notations placed in the ADD log indicate that Perine had access to these VINs from individuals known to him, Reiger, or YASSI, not for purposes of verifying information supplied under Section 3(a) of the DPPA and not for purposes of operating a Los Angeles based California Tag Agency, in direct violation of the DPPA, 19 U.S.C. section 2722.

33. By accessing the ADD inquiry system, Defendants, acting in concert and with a common goal and purpose, were able to determine how the access logs worked and how the ADD DMV123 webservice interacted with users, how the raw data from each state was parsed and

11

reformatted then displayed in a uniform format across states and what additional data points ADD

supplied to each state's inquiry and data feed to make the product useful in the marketplace, as

well as ADD's confidential pricing.

34.    In November of 2022, Perine e-mailed ADD terminating his account because the

company was allegedly going out of business, however, records indicate that Postr did not dissolve

until 2025.  Perine requested a pro-rata refund be paid to him directly from ADD.

35.    By terminating the account early, Defendants circumvented the annual ADD

review and thus prevented any potential oversight by ADD of the minimal inquiries for a tag

agency serving such a large area as Los Angeles County, which could have potentially raised red

flags.

36.    In 2023, YASSI started offering a motor vehicle inquiry product virtually identical

to ADD's inquiry product. A side-by-side comparison is reproduced below:



*Figure #9 - Yassi and ADD's Motor vehicle inquiries side by side snapshot*

34. The YASSI product replicated the bar code verification system unique to ADD. This feature allows tax collectors or users to verify that the data on the inquiry was pulled in real time and not fabricated or "photo shopped." By accessing the ADD system, Defendants were able to use and understand the ADD proprietary bar code verification system. YASSI reversed engineered and now uses a bar code verification system identical to ADD's process even down to calling it a "verification code."



*ADD's proprietary record verification system that allows independent parties to verify the Date, Time, Jurisdiction and Company that pulled the actual vehicle record.

*Figure #10 - Verify side by side snapshot*

37. Beginning in 2023, YASSI began approaching ADD customers and clients and offering to provide them a Motor Vehicle data product virtually identical to the ADD product at a lower price than offered by ADD.

38. At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees fraudulently, improperly, and deceptively obtained access to ADD's proprietary DMV123 system in order to replicate, reverse engineer, and build a derivative product in violation of the Agreement, TOU and DPPA.

39. At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees reverse engineered,

13

designed, and developed their virtually identical Motor Vehicle data product using the access they obtained by improperly and deceptively obtaining access to and use of the ADD DMV123 software/system, including but not limited to inquiry data and samples from a variety of states as well as understanding the log in, and source code reformatting.

40.     Defendants also obtained ADD's DMV123 proprietary pricing allowing YASSI to offer to ADD's customers pricing below that offered by ADD.

41.     At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees, conducted the fraudulent and illegal foregoing activities in violation of ADD's protected trade secrets and in order to unfairly compete and obtain ADD's customers.

42.     As a result of the foregoing, ADD has suffered significant damages.

## COUNT I- BREACH OF CONTRACT

43.     Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

44.     Defendants Lee Perine and Postr specifically agreed not to "rent, lease, loan, sell distribute or create derivative works based on Auto Data Direct or the Software in whole in part." *See Ex. A.*

45.     Defendants Lee Perine and Postr further agreed not to copy, modify, create a derivative work of, reverse engineer, reverse assemble or otherwise attempt to discover any source code. *See Ex. A.*

46.     Defendants Lee Perine and Postr breached the foregoing by specifically working with Defendants YASSI and Rieger to create a derivative work and/or reverse engineer and/or assemble a virtually identical product for YASSI.

14

47.    As a direct result of the foregoing breach of the Agreement and TOU, Plaintiff ADD has suffered damages.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, and Lee Perine, individually, for damages, including costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

## COUNT II- CIVIL CONSPIRACY

48.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

49.    At all times material hereto, Defendant Lee Perine was an officer of YASSI and a co-founder of YASSI and was intimately involved in developing the product YASSI would offer.

50.    At all times material hereto, YASSI executives, including Defendant Rieger, provided to Defendant Perine personal VIN's for Perine to run on the ADD system, for the sole purposes of determining how ADD's DMV123 proprietary system worked and to gain access to the proprietary and confidential information in violation of the DPPA and in violation of the Agreement and TOU.

51.    At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, fraudulently obtained access to ADD's DMV123 system in order to obtain sufficient data to reverse engineer, copy and create a derivative work.

52.    The Defendants, acting in concert and with a common goal and purpose, knew or should have known that Defendant Perine had obtained access using the dormant Postr LLC and falsely representing the purpose of the inquiries was to verify data submitted to prevent fraud and for use by Tag Agency in doing its functions in California.

15

53.     The Defendants, acting in concert and with a common goal and purpose, conspired to conceal the identity and ultimate use of the data by YASSI and to attempt to circumvent the contractual restrictions ADD places on users to protect it's proprietary rights.

54.     Additionally, the Defendants, acting in concert and with a common goal and purpose, gave false information in violation of the DPPA in order to access the private state data sets, as Defendants Perine and Postr were not attempting to verify data submitted for a legitimate business purpose to prevent fraud.

55.     The data was obtained on false pretenses in violation of the ADD contract and illegally obtained in violation of the DPPA, 18 U.S.C. § 2722 ("It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record.")

56.     The Defendants had an agreement to conspire to illegally and fraudulently obtain access to ADD's DMV123 proprietary software/system.

57.     The Defendants knowingly and in concert performed the foregoing over acts in pursuance of the conspiracy, including but not limited to fraudulently obtaining access to ADD's DMV123 proprietary system, setting up the dormant Postr LLC to gain access, providing personal VINs to run on the ADD system, misrepresenting in violation of the DPPA the purpose of access the private state data sets, reverse engineering and/or reverse assembling a virtually identical system that purports to obtain "real time" motor vehicle information from the different states, reverse engineering and/or reverse assembling ADD's verification program, and accessing and utilizing ADD's proprietary pricing information.

16

58.     As a result of the foregoing, Plaintiff ADD has suffered significant damages, including but not limited to the loss of customers, lost and future profits, damage to reputation, and the unjust enrichment that is not taken into account in computing actual loss.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

## COUNT III – VIOLATION OF FLORIDA UNIFORM TRADE SECERETS ACT

59.     Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

60.     This is a claim for the violation of the Florida Uniform Trade Secrets Act, Sections 688.001, et. seq. and conspiracy to violate same.

61.     ADD's DMV123 software/system, was designed and developed to conduct motor vehicle transactions in "real-time" using the ADD's computer interface for a permissible use, as set forth under DPPA.

62.     Pursuant to ADD's Agreement and TOUs, ADD's DMV123 software and its inquiry product is a "trade secret" as defined by Section 688.002(4), Florida Statutes.

63.     ADD's DMV123 has a unique combination of processes designed to produce streamlined data about state DMV motor vehicle registration, title and driver license information, in addition to providing a link to NMVTIS data and a unique bar code verification system allowing the user to validate the data obtained.

64.     ADD's DMV123 software/system also allows the user access to ADD's proprietary pricing for its products and system.

17

65.    ADD proprietary software/system meets the definition of trade secret as set forth in § 688.002(4), Florida Statutes, as it includes protected and not readily known information using a formula, pattern, compilation, program, device, method, technique, and/or process.

66.    ADD's DMV123 software/system derives actual economic value from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from its disclosure or use and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, including specific terms and conditions advising users that the software is a protected trade secret which cannot be copied, sold or used as the basis of derivative works.

67.    The system derives independent economic value from being generally unknown and available solely from ADD.  The economic value is evidenced by gross revenues of over $ Fifty-One Million Dollars ($51,000,000.00) generated by ADD from the sale of the system in 2022, 2023, and 2024.

68.    ADD took reasonable steps to maintain the secrecy of its DMV123 software/system by making it express and clear in its Agreement, its Terms of Use and its User Registration that DMV123 was ADD's exclusive and proprietary property.

69.    Defendants Postr and Perine specifically knew the foregoing and executed ADD's Agreement and TOU, which expressly sets forth that the DMV123 software/system is ADD's protected trade secrets.

70.    Defendant Perine also knew the foregoing in his role as a co-founder of YASSI.

71.    Defendant Rieger knew or should have known of the foregoing in providing personal vehicle data for Defendant Perine to falsely use in accessing and then replicating the DMV123 software/system.

72.    Defendants conspired and worked together for the sole purpose of copying, replicating and misappropriating DMV123 and creating derivative work to directly compete with the ADD DMV123 product, by using false and fraudulent means.

73.    Defendants conspired and worked together to obtain access to ADD's DMV123 system for the purpose of learning its workings, accessing, reengineering, and reverse engineering the source code, learning the identity of vendors, learning ADD's pricing, and otherwise replicating the combination of systems in DMV123 without ADD's consent.

74.    Defendants YASSI, Postr, Lee Perine and Robert Rieger knew, or should have known, that that the material, knowledge and software of DMV123 was a trade secret belonging to ADD and that the disclosure of the material, knowledge and protected software was a breach of their duties not to disclose, reproduce, duplicate, copy, sell or exploit for any commercial purposes ADD's trade secrets.

75.    YASSI, through the access provided by Postr and Lee Perine, learned of confidential DMV123 data and, stole ADD's DMV123 product by accessing, using, copying, reengineering, and reverse engineering the source code without ADD's consent and Defendants have been selling the misappropriated product throughout the United States.

76.    Defendants YASSI, Postr, Lee Perine and Robert Rieger misappropriated ADD's DMV123 by providing customers with a product duplicating ADD's DMV123 end user product, which was gained through access to the same databases and produces the same results from work product(s) derived from copying and testing ADD's DMV123 system.

77.    There are no material differences between ADD's DMV123 product and that produced by YASSI.

19

78. Defendant's misappropriation of ADD's trade secrets were willful and malicious and done with the intentions of replicating ADD's DMV123 and then directly competing with ADD.

79. After acquiring ADD's DMV123 proprietary information, YASSI started selling access to DMV data to automobile dealerships, towing companies and insurers in Florida.

80. If Defendants are allowed to continue to use and disclose ADD's trade secrets, it will strip ADD's software of its value. Thus, ADD is likely to sustain irreparable harm for which there does not exist an adequate remedy at law because the subject of this dispute is proprietary software and intellectual property.

81. The damage is not susceptible of complete pecuniary compensation because it involves loss of existing customers, but more problematically, loss of future customers and business which should and would have come to ADD but for the misappropriation and theft of its trade secrets and processes.

82. The copying of the DMV123 system by Defendants and its further disclosure and dissemination to third parties beyond the jurisdiction of this Honorable Court will render the value of ADD's trade secrets useless.

83. Based on the foregoing, ADD's claim has a substantial likelihood of success on the merits given the fact that ADD owns the software, has contracts with Defendants restricting the sale, duplication or use of the system and ADD did not give YASSI consent to use or duplicate its system.

84. The threatened injury to ADD outweighs any possible harm to Defendants. An injunction will merely maintain the status quo until this Honorable Court can determine the merits of ADD's claim.

85.    The granting of an injunction will not harm the public interest because members of the public will be permitted to continue to contract with ADD for its DMV123 product and with YASSI for other internet services and sales.

86.    ADD has retained the undersigned counsel and is responsible for paying a reasonable fee for services. Pursuant to Section 688.005, Florida Statutes, ADD is entitled to attorney's fees.

87.    As a direct and proximate result of YASSI, Postr, Perine and Rieger's misappropriation of ADD's DMV123 trade secrets and proprietary information, ADD has suffered damages, including damages of actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

88.    The Plaintiff reserves it right to amend this Complaint to add a prayer for exemplary damages as allowed by Section 688.004(2), Florida Statutes.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individualy, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, including the unjust enrichment of defendants not taken into account in computing actual loss, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, for a preliminary and permanent injunction prohibiting Defendants from using, copying, selling, and disclosing ADD's trade secret, and trial by jury.

## COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

89.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

21

90.   Plaintiff ADD has significant business relationships between itself and third parties to provide and conduct motor vehicle transactions in "real-time" using the ADD's computer interface for a permissible use, as set forth under DPPA, pursuant to its DMV123 software/system.

91.   Defendants, acting in concert and with a common goal and purpose, had knowledge of those relationships, including but not limited to ADD's business relationships with specific and certain third-party insurance companies.

92.   Defendants, acting in concert and with a common goal and purpose, intentionally and unjustifiably interfered with those business relationships through replicating and reverse engineering ADD's DMV123 software/system and fraudulently obtaining ADD's propriety pricing and then marketing to ADD's customers YASSI's misappropriated system as identical to ADD's and at a lower price than ADD's proprietary program/system.

93.   Defendants, acting in concert and with a common goal and purpose, marketed to induce and/or cause ADD's customers to terminate their services with ADD and in fact have obtained certain customers of ADD's through this fraudulent and improper scheme.

94.   As a direct result of the foregoing, ADD has suffered damages and the loss of customers.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, for a preliminary and permanent injunction, and trial by jury.

22

## COUNT V – FRUADULENT MISREPRESENTATION

95.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

96.    As described above, Defendants, jointly and acting in concert with a common goal and purpose, made a series of misrepresentations to ADD in an effort to induce ADD to approve the qualification verification process, and allow Postr and Perine to become Authorized Subscribers and access the DMV123 software/system.

97.    In furtherance of this fraud, Defendants, jointly and acting in concert with a common goal and purpose, made further misrepresentations and fraudulent statements as to the purpose under the DPPA that the inquiries were being run through the DMV123 software/system.

98.    These representations and concealments were false at the time they were made, and Defendants knew the representations and concealments were false when made.

99.    ADD relied on Defendants' representations in agreeing to allowing full access as a subscriber to the DMV123 software/system.

100.    Defendants, jointly and acting in concert with a common goal and purpose, used that access to create a virtually identical product to the ADD DMV123 software/system.

101.    As a direct and proximate result of Defendants' conduct, ADD has sustained substantial damages, the full amount of which will be established at trial of this matter.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

23

## COUNT VI – FDUPTA

102.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

103.    This is a claim for the violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), sections 501.201-501.213, Florida Statutes and conspiracy to violate same.

104.    As described above, Defendants, jointly and acting in concert with a common goal and purpose, utilized unconscionable acts and practices to access the DMV123 software/system and virtually replicated ADD's product.

105.    Furthermore, Defendants, jointly and acting in concert with a common goal and purpose, have *further* misrepresented to ADD's customers that the fraudulently created and virtually identical YASSI program looks, works, and functions the same as ADD's real-time motor vehicle inquiry, which provides to qualified companies under the DPPA the necessary and legally compliant automobile information in order to conduct daily business operations.

106.    Defendants, jointly and acting in concert with a common goal and purpose, have misrepresented to ADD's customers that not only does the YASSI product works the same but can also be obtained at a lower price than ADD's DMV123 software/system.

107.    Upon information and belief, Defendants, jointly and acting in concert with a common goal and purpose, are falsely advertising and misrepresenting the manner in which the YASSI system compiles and/or produces certain state's protected vehicle information – in that it is **not** produced in "real time".

108.    These ongoing unfair and deceptive practices, have caused ADD significant actual damages.

24

109.    ADD's damages are directly proximate to Defendants' violation of the Florida Unfair and Deceptive Trade Practices Act, Florida Statute 501.201 *et seq.*, and specifically 501.211 of the Florida Statutes.

110.    ADD is entitled to an award of attorney fees and costs associated with the bringing of this action pursuant to Section 501.2105, Florida Statutes.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees under section 501.2105, Florida Statutes, a for a preliminary and permanent injunction, and trial by jury.

Respectfully submitted,

s/Robert Scott Cox
Robert Cox, Esq.
Attorney for Plaintiff.
Florida Bar #286362
Talley Kaleko, Esq.
Florida Bar #487155
Law Offices of Robert Scott Cox PL
122 South Calhoun St
Tallahassee, FL 32301-1518
Office: 850-577-0296
Fax:    850-561-0206
Service E-mail:
robert@robertcoxlaw.com
talley@seymorejustice.com

Filing # 236558617 E-Filed 11/25/2025 03:00:41 PM

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
## IN AND FOR LEON COUNTY, FLORIDA

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                                      Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit Corporation,
ROBERT RIEGER, individually,

Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint and Plaintiff's First Set of Interrogatories in this action on defendant:

### LEE PERINE
### 10120 Tigrina Avenue
### Whittier, California 90603

Each defendant is required to serve written defenses to the complaint or petition on Robert Scott Cox, **The Law Offices of Robert Scott Cox, PLLC.,** plaintiff's attorney, whose address is 122 South Calhoun Street, Tallahassee, FL 32301 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2025.

Gwen Marshall,
As Clerk of the Court

By_____          11/26/2025
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.   There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.   Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes intersadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du mon des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiquest et vou provez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat (nomme ci-dessous.).

2

s/Robert Scott Cox_____
Robert S. Cox, Esq.
Fla. Bar No.: 286362
LAW OFFICES OF ROBERT
SCOTT COX, PL
122 South Calhoun Street
Tallahassee, Florida 32301
P: (850) 577-0296
F: (850) 561-0206
Attorney for Plaintiff
Robert@robertcoxlaw.com
Areid@robertcoxlaw.com

3

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
## IN AND FOR LEON COUNTY, FLORIDA

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                                              Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit Corporation,
ROBERT RIEGER, individually,

Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint and Plaintiff's First Set of Interrogatories in this action on defendant:

**postr, LLC**
**10120 Tigrina Avenue**
**Whittier, California 90603**

Each defendant is required to serve written defenses to the complaint or petition on Robert Scott Cox, **The Law Offices of Robert Scott Cox, PLLC.,** plaintiff's attorney, whose address is 122 South Calhoun Street, Tallahassee, FL 32301 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2025.

Gwen Marshall,
As Clerk of the Court

By_____          11/26/2025
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.   Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes intersadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du mon des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiquest et vou provez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat (nomme ci-dessous.).

2

3

s/Robert Scott Cox_____
Robert S. Cox, Esq.
Fla. Bar No.: 286362
LAW OFFICES OF ROBERT
SCOTT COX, PL
122 South Calhoun Street
Tallahassee, Florida 32301
P: (850) 577-0296
F: (850) 561-0206
Attorney for Plaintiff
Robert@robertcoxlaw.com
Areid@robertcoxlaw.com

3

# IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
# IN AND FOR LEON COUNTY, FLORIDA

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                                    Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit Corporation,
ROBERT RIEGER, individually,

Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint and Plaintiff's First Set of Interrogatories in this action on defendant:

### ROBERT RIEGER
### 2213 Big Bar Drive
### Henderson, NV 89052-5831

Each defendant is required to serve written defenses to the complaint or petition on Robert Scott Cox, **The Law Offices of Robert Scott Cox, PLLC.,** plaintiff's attorney, whose address is 122 South Calhoun Street, Tallahassee, FL 32301 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ___**11/26/2025**___, 2025.



Gwen Marshall,
As Clerk of the Court

By_____
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notification, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.   Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes intersadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du mon des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiquest et vou provez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat (nomme ci-dessous.).

2

3

s/Robert Scott Cox_____
Robert S. Cox, Esq.
Fla. Bar No.: 286362
LAW OFFICES OF ROBERT
SCOTT COX, PL
122 South Calhoun Street
Tallahassee, Florida 32301
P: (850) 577-0296
F: (850) 561-0206
Attorney for Plaintiff
Robert@robertcoxlaw.com
Areid@robertcoxlaw.com

3

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                                                      Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit Corporation,
ROBERT RIEGER, individually,

Defendants.
_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint and Plaintiff's First Set of Interrogatories in this action on defendant:

**Northwest Registered Agent LLC
c/o YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC.
7901 4th St N
STE 300
St. Petersburg, FL 33702**

Each defendant is required to serve written defenses to the complaint or petition on Robert Scott Cox, **The Law Offices of Robert Scott Cox, PLLC.,** plaintiff's attorney, whose address is 122 South Calhoun Street, Tallahassee, FL 32301 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2025.

Gwen Marshall,
As Clerk of the Court

By_____          11/26/2025
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes intersadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du mon des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiquest et vou provez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat (nomme ci-dessous.).

2

s/Robert Scott Cox_____
Robert S. Cox, Esq.
Fla. Bar No.: 286362
LAW OFFICES OF ROBERT
SCOTT COX, PL
122 South Calhoun Street
Tallahassee, Florida 32301
P: (850) 577-0296
F: (850) 561-0206
Attorney for Plaintiff
Robert@robertcoxlaw.com
Areid@robertcoxlaw.com

3



# LEON COUNTY Receipt of Transaction
## Receipt #    1887654

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Law Offices of Robert Scott Cox

,

**On Behalf Of:**

On: 11/26/2025   3:26:16PM
Transaction # 101186400
Cashiered by: S CLARK

,

| CaseNumber   2025 CA 002169 |
|---|

**Judge   JOHN C COOPER**

**AUTO DATA DIRECT INC   VS   LEE PERINE**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **440.00** | **400.00** | **0.00** | **40.00** | **40.00** | **0.00** |
| **Grand Total:** | **440.00** | **400.00** | **0.00** | **40.00** | **40.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 236558617 | OK | 40.00 | 0.00 | 0.00 | 0.00 | 40.00 |
| | | **Payments Total:** | **40.00** | **0.00** | **0.00** | **0.00** | **40.00** |

Page 1 of 1

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                                    Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit Corporation,
ROBERT RIEGER, individually,

Defendants.
_____/

## AMENDED SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint and Plaintiff's First Set of Interrogatories in this action on defendant:

**YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC.
c/o Northwest Registered Agent LLC
7901 4th St N
STE 300
St. Petersburg, FL 33702**

Each defendant is required to serve written defenses to the complaint or petition on Robert Scott Cox, **The Law Offices of Robert Scott Cox, PLLC.,** plaintiff's attorney, whose address is 122 South Calhoun Street, Tallahassee, FL 32301 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ____**12/5/2025**_____, 2025.

Gwen Marshall,
As Clerk of the Court

By_____
As Deputy Clerk

## <u>IMPORTANT</u>

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## <u>IMPORTANTE</u>

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes intersadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## <u>IMPORTANT</u>

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du mon des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiquest et vou provez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat (nomme ci-dessous.).

2

s/Robert Scott Cox_____
Robert S. Cox, Esq.
Fla. Bar No.: 286362
LAW OFFICES OF ROBERT
SCOTT COX, PL
122 South Calhoun Street
Tallahassee, Florida 32301
P: (850) 577-0296
F: (850) 561-0206
Attorney for Plaintiff
Robert@robertcoxlaw.com
Areid@robertcoxlaw.com



# LEON COUNTY Receipt of Transaction
## Receipt #    1889211

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Law Offices of Robert Scott Cox

,

**On Behalf Of:**

On: 12/5/2025  11:42:35AM
Transaction # 101188006
Cashiered by: S CLARK

,

**CaseNumber   2025 CA 002169**

**Judge   JOHN C COOPER**

**AUTO DATA DIRECT INC   VS   LEE PERINE**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **450.00** | **440.00** | **0.00** | **10.00** | **10.00** | **0.00** |
| **Grand Total:** | **450.00** | **440.00** | **0.00** | **10.00** | **10.00** | **0.00** |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 237067656 | OK | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |
| | **Payments Total:** | | **10.00** | **0.00** | **0.00** | **0.00** | **10.00** |

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

Plaintiff,

v.                                                      Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit Corporation,
ROBERT RIEGER, individually,

Defendants.

_____/

## ACCEPTANCE AND WAIVER OF SERVICE OF PROCESS
## (Rule 1.070, Fla. R. Civ. Proc.)

Defendants, POSTR, LLC., LEE PERINE, and ROBERT RIEGER, by and through their Attorneys, **Stearns, Weaver, Miller, Weissler, Alhadeff and Sitterson, PA,** and pursuant to Rule 1.070, Fla. R. Civ. Proc., hereby acknowledge receipt on this day of a copy of the First Amended Complaint in this action and accepts service of same and specifically waives formal service of process in this action.

Defendants' waiver is solely as to service of process. Defendants reserve all other objections and defenses including, but not limited to personal jurisdiction, subject matter jurisdiction, venue, or any other objections or defense other than as to service of process.

Pursuant to Rule 1.070(i)(4), Defendants Postr LLC, Perrine, and Rieger shall serve a response to the Amended Complaint on or before March 9, 2026, which is 60 days from delivery of the waiver request on January 7, 2026.

DATED this 7th day of January, 2026.

Respectfully submitted,

/s/*Melanie R. Leitman*
**Douglas L. Kilby, Esq.**
Florida Bar No. 0073407
**Melanie R. Leitman, Esq**.
Florida Bar No. 091523
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
106 East College Avenue, Ste. 700
Tallahassee, Florida 32301
Telephone: (850) 329-4853
dkilby@stearnsweaver.com
mleitman@stearnsweaver.com
aruddock@stearnsweaver.com
boneal@stearnsweaver.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Rule 2.516, Fla. R. Jud. Admin., this document was filed and served using the Florida Court E-filing Portal on this **7th day of January, 2026** to:

**Robert Scott Cox, Esq.**
Fla. Bar No.:  286362
LAW OFFICES OF
ROBERT SCOTT COX, PLLC
122 South Calhoun Street
Tallahassee, Florida 32301
P: 850 - 577-0296
F: 850 - 561-0206
Attorneys for Plaintiff
Robert@robertcoxlaw.com
Areid@robertcoxlaw.com

**Talley Kaleko, Esq.**
Fla. Bar No.:  487155
122 South Calhoun Street
Tallahassee, FL 32301
Office: (850) 577-0296
Fax: (850) 792-6032
jseymore@seymorejustice.com
talley@seymorejustice.com
adrian@thelawcite.com

/s/ *Melanie R. Leitman*
Melanie R. Leitman

#14365080 v1

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

      Plaintiff,

v.                                        Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability Company,
LEE PERINE, individually, YOTTA AUTOMATED
SOFTWARE SOLUTIONS, INC., a Foreign For-Profit
Corporation, ROBERT RIEGER, individually,

      Defendants.

_____/

## NOTICE OF APPEARANCE

The law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., by Douglas

L. Kilby, Esq., files this Notice of Appearance in the above-styled cause as counsel for Defendants,

Postr, LLC., Lee Perine, Yotta Automated Software Solutions, Inc. and Robert Rieger, and requests

that copies of all motions, notices, orders, correspondence, and other papers be served on the

undersigned.

In accordance with Florida Rule of Judicial Administration 2.516(b)(1)(A), undersigned

counsel hereby designates the following email addresses for service of pleadings and documents:

Primary email address:        dkilby@stearnsweaver.com

Secondary email address:      boneal@stearnsweaver.com

Respectfully submitted,

/s/*Douglas L. Kilby*
**Douglas L. Kilby, Esq.**
Florida Bar No. 0073407
**Melanie R. Leitman, Esq**.
Florida Bar No. 091523
STEARNS WEAVER MILLER WEISSLER

ALHADEFF & SITTERSON, P.A.
106 East College Avenue, Ste. 700
Tallahassee, Florida 32301
Telephone: (850) 329-4853
dkilby@stearnsweaver.com
mleitman@stearnsweaver.com
aruddock@stearnsweaver.com
boneal@stearnsweaver.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed using the Florida Courts E-Filing Portal this 7th day of January, 2026 which will send notice to all counsel of record.

*/s/Douglas L. Kilby*
Douglas Kilby

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT IN
AND FOR LEON COUNTY, FLORIDA**

AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

     Plaintiff,

v.                                    Case No.: 2025 CA 002169

POSTR, LLC., a Foreign Limited Liability
Company, LEE PERINE, individually,
YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign For-Profit
Corporation, ROBERT RIEGER, individually,

     Defendants.

_____/

## <u>NOTICE OF AMOUNT IN CONTROVERSY</u>

Plaintiff, Auto Data Direct, Inc. ("ADD"), by and through its undersigned counsel, hereby provides notice that the amount in controversy, and the damages which it seeks to recover from the defendants in this action, exceeds $75,000, exclusive of interest and costs.

Respectfully submitted this 15th day of January, 2026.

                                              *s/Robert S. Cox*_____
                                              Robert S. Cox, Esq.
                                              Fla. Bar No.: 286362
                                              Talley Kaleko, Esq.
                                              Bar #487155
                                              LAW OFFICES OF ROBERT
                                              SCOTT COX, PL
                                              122 South Calhoun Street
                                              Tallahassee, Florida 32301-1518
                                              Office: (850) 577-0296
                                              Fax: (850) 561-0206

Service E-mail:
Robert@robertcoxlaw.com
Talley@seymorejustice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically served on all counsel of record via the CM/ECF system on this, on this the 15th day of January, 2026.

_s/Robert S. Cox_
Robert S. Cox, Esq.
Fla. Bar No.: 286362

2