Exhibit A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

**AUTO DATA DIRECT, INC.,**
**a Florida for Profit Corporation,**

**Plaintiff,**

**v.**                                    **Case No.:  4:26-cv-00039-AW-MAF**

**POSTR, LLC., a Foreign Limited Liability**
**Company, LEE PERINE, individually,**
**YOTTA AUTOMATED SOFTWARE**
**SOLUTIONS, INC., a Foreign For-Profit**
**Corporation, ROBERT RIEGER, individually,**

**Defendants.**

_____/

### PLAINTIFF'S SECOND AMENDED COMPLAINT

**COMES NOW,** the Plaintiff, Auto Data Direct, Inc., (hereinafter referred to as "ADD"), through undersigned counsel, and sues Defendant, Postr, LLC, doing business as Renew Tags, (hereinafter "Postr"), Lee Perine, individually, Yotta Automated Software Solutions, Inc., (hereinafter "YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, and would state as follows:

### SUBJECT MATTER JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of $50,000.00, exclusive of interest, costs and attorney's fees and for equitable and injunctive relief and is thus, within the jurisdiction of this Court.


FILED USDC FLND GV
JAN 29 '26 AM 11:25

1

2.     Venue is proper in Leon County, Florida, under Section 47.011 and 47.051, Fla. Stat., as Leon County is the county where the cause of action accrued. Additionally, ADD's Agreement and Terms of Use, which were signed by Defendant Perine, individually, and in his capacity as CEO of Postr, establish Venue in Leon County, Florida.

3.     Plaintiff, ADD, is a Florida for-profit corporation in continuous operation since October 22, 1999, with its principal current place of business located at 1830 East Park Avenue, Suite #1 Tallahassee, Leon County, Florida.

4.     ADD's primary business is to provide real time access to motor vehicle title, and lienholder data under contracts with 45 state agencies responsible for maintaining the title and lienholder information on motor vehicles, such as, for example, the Florida Department of Highway Safety and Motor Vehicles.  Under both Federal and State laws Motor Vehicle Title data, including the owner's address, is confidential private information which can be released only for specific legitimate business purposes as set out the Driver's Privacy Protection Act, 18 USC section 2721, et. seq. (hereinafter "DPPA").

5.     Defendant, Postr, was a California limited liability company with its principal place of business located at 10120 Tigrina Avenue, Whittier, Los Angeles County, California.  Postr was in operation from July 14, 2018 until May 1, 2025. Postr was doing business as Renew Tags and held a Commercial Requester Account

Approval from the California Department of Motor Vehicles and represented itself to ADD as a California Tag Renewal Agency.

6. Defendant Lee Perine, at all times, was a sui juris individual who was residing at 10120 Tigrina Avenue, Whittier, Los Angeles County, California, which was also the corporate address for Postr LLC. At all time relevant, Perine was Postr's Chief Executive Officer ("CEO") and co-founder of YASSI.

7. YASSI, is a foreign for-profit corporation, which is registered and licensed to do business in Florida, with its mailing address listed as 7901 4th St N, Ste 300, St. Petersburg, FL 33702 and has appointed a registered agent in Florida.

8. Defendant Robert Reiger, at all times, was a sui juris individual who is a California resident and is a co-founder and CEO of YASSI.

9. YASSI has a contract to access data from the Florida Department of Highway Safety and Motor Vehicles ("FLHSMV") and provides data to Florida businesses. YASSI's services, which are the subject of this complaint, are conducted throughout Florida.

10. This Court has jurisdiction over Defendants pursuant to § 48.193 (1)(a)1., (1)(a)2., (1)(a)7., Fla. Stat., as YASSI is operating, conducting, engaging in, or carrying on a business in Florida. Defendants Postr and Perine have specifically consented to personal jurisdiction in the State of Florida as set forth in ADD's Terms of Use contract. Additionally, this Court has jurisdiction over Defendants YASSI,

Postr, Perine and Reiger pursuant to § 48.193 (1)(a)1., (1)(a)2., (1)(a)7., Fla. Stat., as these defendants have committed a tortious act, including but not limited to engaging in a civil conspiracy as described more particularly below to defraud ADD, misappropriate ADD's trade secrets, interfere with ADD's business relationships, falsely advertising and misrepresenting the YASSI competing product and/or breaching the ADD contract within the state. Furthermore, Defendants have engaged in substantial and not isolated activity within this state sufficient to establish minimum contacts as more particularly set forth below.

### GENERAL ALLEGATIONS

11.     Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

12.     ADD provides a suite of innovative, web-based tools that offer fast, accurate, real-time access to national motor vehicle information. Its core business is to provide real-time motor vehicle inquiry solutions to qualified companies under the Federal Driver's Privacy Protection Act (DPPA) that need automobile information to conduct daily business operations. ADD provides this service, in part, through a unique product ADD created called "DMV123."

13.     ADD offers access only to commercial entities who present evidence of a legitimate purpose for use of the data under the DPPA and access is only available to authorized entities and users who have agreed to be bound by the ADD

Terms of Use and other documents restricting the use of the data and limiting efforts to replicate or copy the ADD system.

14. Companies that are qualified entities under the DPPA include: towing companies, automobile dealers, automobile tag agencies, government entities, attorneys, financial institutions and insurance companies. This is ADD's primary market audience and ADD's core customers.

15. Prior to accessing personal information on a motor vehicle record, a company applying for access through ADD must (a) complete an Electronic Records Account Agreement, (b) accept the Terms of Use, and (c) an authorized user must complete a User Registration Form. In the User Registration Form, the company and the employee using the account must explicitly identify the DPPA exemption that the company and user qualify under. Additionally, the user personally certifies that the use of the information provided by ADD will be subject to the account agreement and terms of use. *Please see aforementioned documents attached and incorporated herein as Plaintiff's Composite "Exhibit A."*

16. On or about January 17, 2022, Postr's CEO, Defendant Perine applied for an account with ADD for Postr LLC's d/b/a Renew Tags to become an Authorized Subscriber of ADD's proprietary software services known as DMV123 and for Perine to be an authorized user. Perine and Poster fraudulently represented themselves as a California motor vehicle tag agency that needed lawful access to

various states' DMV data concerning motor vehicle registrations, titles and driver license information to run its business.

17.   As part of the verification process, ADD required Perine to provide a driver's license as proof of identity.  Mr. Perine is also YASSI's co-founder and Vice President of Sales and Strategic Partnerships.

18.   As part of the verification process, Perine and Postr provided proof of a California Secretary of State Business License. *Please see Figure #1 below.*



**Figure 1. Postr's California Business License**

19.     Additionally, Perine and Poster provided California Department of Motor Vehicle "California Requester Approval" as part of the verification process. *Please see Figure #2 below.*

7

CALIFORNIA STATE TRANSPORTATION AGENCY                                              GAVIN NEWSOM, Governor

**DEPARTMENT OF MOTOR VEHICLES**
INFORMATION SERVICES BRANCH
ACCOUNT PROCESSING UNIT
P. O. BOX 944231 MAIL STATION H221
SACRAMENTO, CA 94244-2310
(916) 657-5564



## COMMERCIAL REQUESTER ACCOUNT APPROVAL

**Account Number:** AE0827

**Expiration Date:** 06/29/2023

| Requester | : Renew Tags |
| ATTN | : Lee Perine |
| Address | : 10120 Tigrina Ave. |
| City, State  Zip Code | : Whittier, CA 90603 |

☑ Your Commercial Requester Account  Original Application                              has been processed.

☐ You have been approved to receive residence address information. A $50,000 surety bond is required prior to the release of residence address information. Please complete and submit the enclosed Commercial Requester Account Surety Bond (INF 1132). You will only receive basic record information without residence address until the bond is received and approved.

☐ A refund in the amount of $                  is being processed. Please allow 6-8 weeks for delivery.

☐ See enclosed Branch Location (INF 1106 BL) for additional requester codes issued to your account.

☐ Your previous Commercial Requester Account will be closed in ten days.

☑ The Information Security Statement (INF 1128) must be retained at your worksite. **DO NOT SEND TO DMV.**

☐ Other:

**NOTE:**  Please refer to the above Account Number and subsequent Requester Code(s) with any correspondence regarding your account.

The proposed use, type record, address access, on-line access through a service provider, and Requester Code(s) issued are:

| PROPOSED USE | | ONLINE ACCESS | REQUESTER CODE(S) |
|---|---|---|---|
| As stated on your application dated:     06/10/2021 | | ☑  Yes | ☑  Approved |
| TYPE VR/DL/OL | ADDRESS ACCESS Basic Record Only | ☐  No | GK827 |
| As stated on your application dated: | | ☐  Yes | ☐  Approved |
| TYPE | ADDRESS ACCESS | ☐  No | |
| As stated on your application dated: | | ☐  Yes | ☐  Approved |
| TYPE | ADDRESS ACCESS | ☐  No | |
| As stated on your application dated: | | ☐  Yes | ☐  Approved |
| TYPE | ADDRESS ACCESS | ☐  No | |

*If you are using a Service Provider, you must provide them with a copy of this letter before receiving services.*

**The Account Requester Code is a confidential, non-transferable number that is specific to your business and should not be shared unless authorized by the Department.** (See Commercial Requester Information Handbook [INF 2105] on the DMV website at www.dmv.ca.gov). This code should be used only by your business for the approved specific permissible purpose(s) as stated on the Commercial Requester Account Application (INF 1106). Pursuant to *California Vehicle Code* §1808.45, the unauthorized disclosure of information from any departmental record is a misdemeanor.

| DMV ACCOUNT PROCESSING TECHNICIAN J. GARCIA III | DATE 06/29/2021 |
|---|---|

California Relay Telephone Service for the deaf or hard of hearing from TDD Phones: 1-800-735-2929; from Voice Phones: 1-800-735-2922

INF 1146 (REV. 1/2019) UH                         *A Public Service Agency*

### *Figure 2- Postr's Commercial Requester Account Approval.*

8



*Figure #3 Mr. Perine provided the State of California, Department of Motor Vehicles license as a Registration Service for California's license issued to Postr's Renew Tags.*

20. Once ADD completes its qualification verification process, a company becomes an Authorized Subscriber ("Subscriber") and the DMV123 user can access motor vehicle information, and the relevant motor vehicle record is searchable by VIN, tag, or title number. Motor vehicle and title and lienholder records are available one-inquiry, one-record at a time, taken in real time from the applicable state DMV. ADD charges a confidential per-transaction inquiry fee. The user must indicate a purpose allowed under the DPPA when making each inquiry.

21. On January 20, 2022, ADD accepted Postr's and Perine's application. Perine, individually and in his capacity of CEO of Postr, signed the ADD Electronic Records Account Agreement and Electronic Records User Registration. *See Ex. A.*

9

22.    The Agreement includes the ADD Terms of Use ("TOU") and specifically advises the user of ADD's proprietary rights in the process and search systems and Perine and Postr agreed not to replicate, reverse engineer or build a derivative product based on the ADD software, processes, and product. *See Ex. A.*

23.    ADD's proprietary rights in DMV123, include the search data retrieved, display and formatting for inquiries, pricing, and the ADD access procedures among other processes and data.

24.    ADD's proprietary software/system DMV123 allowed Perine and Postr to access motor vehicle records throughout most U.S. state motor vehicle databases and the National Motor Vehicle Title Information System (NMVTIS) database.

25.    Perine and Postr stated that records were obtained under 18 U.S.C. §2721(b)(3) for use in the normal course of business by a legitimate business or its agents, employees, or contractors, as shown below.

I have read the Federal Driver's Privacy Protection Act (DPPA) and understand the fourteen (14) defined legal uses of personal information (Name, Address, DOB, etc.) detailed in the Act and summarized by corresponding number below. I will be requesting personal information for the following permissible use(s) only:

Check all that apply – See DPPA for specifics:

☐ 01 For government agency or private entity acting on behalf of a Federal, State or local agency.

☐ 02 For matters of vehicle or driver safety and theft; emissions; product alterations, recalls or advisories.

☒ 03 Verify information submitted by individual; if info not correct, to obtain correct info to prevent fraud, pursue legal remedies against or recovery of debt.

☐ 04 In connection with a court proceeding.

☐ 05 Research and statistical analysis; personal info cannot be published, redisclosed, used to contact person.

☐ 06 Insurance underwriting, rating, claims and antifraud.

☐ 07 Owner notice regarding towed or impounded vehicles.

☐ 08 Private Investigator or licensed security service use subject to DPPA additional restrictions.

☐ 09 By employer/agent/insurer to obtain info relating to holder of Commercial DL as required by the CMVSA.

☐ 10 Operation of Private toll transportation facilities.

☐ 11 If state has "opt out" any other legal use. Not available from ADD for this purpose.

☐ 12 If state has "opt out" Bulk distribution. Not available from ADD for this purpose.

☐ 13 With written consent of individual to whom the information pertains.

☐ 14 Use specifically authorized by a state, if such use is related to the operation of a motor vehicle or public safety.

Any person who knowingly discloses any information in violation of the Driver Privacy Protection Act (DPPA) may be subject to criminal sanctions and civil liability specified in State law for unauthorized use of the data.

I certify that any use of all information provided by any State Agencies through Auto Data Direct, Inc. will be subject to the Auto Data Direct, Inc. Electronic Records Account Agreement and Electronic Records User Registration terms of use and is allowable under the provisions of the DPPA as indicated above. This certification shall apply to each and every record accessed by the Username and Password assigned to me, through Auto Data Direct, Inc. I also understand that the Username and Password assigned to me by Auto Data Direct, Inc. is for my use only and is not to be shared with any other person. If any information given above, the nature of my business or use of accessed DHSMV records changes, it is my responsibility to complete a new User Registration or notify Auto Data Direct, Inc. of termination. This certification form cannot be changed or modified without the express prior written permission of Auto Data Direct, Inc, signed by an officer.

User Signature: _____    Date: _1/17/2022_

Print Name:    LEE PERINE    Title: _CEO_

*Figure #4 – Signature of Perine under DPPA compliance.*

26.    Between February 25, 2022 and November 14, 2022, Defendant Perine, on behalf of all Defendants, ran twenty inquiries on the ADD DMV123 system, which is an exceptionally small number of inquiries for vehicle tag agency. A large portion of the inquiries were for vehicles owned by YASSI officers or YASSI itself.

27.    On April 26, 2022, Defendant Perine ran the vehicle of YASSI Director of Integrations and co-founder Justan Rieger.



*Figure #5- Justan Rieger April 26, 2022 California Vehicle Record for his 2015 Jeep Wrangler.*



*Figure #6 - YASSI Nevada Vehicle Record*

28.     On May 25, 2022, Defendant Perine conducted another Nevada Vehicle Record for a vehicle owned by YASSI.

29.     On May 26, 2022, Defendant Perine ran an inquiry for a Tesla owned by Yassi CEO Defendant Rieger.



*Figure #7- Rieger Nevada Vehicle Record*

13

30.    On June 1, 2022, Defendant Perine conducted a California Vehicle Record search for a 2021 Jeep Wrangler also owned by Yassi CEO Rieger.



***Figure #8- Rieger California Vehicle Record***

31.    Defendant Perine ran additional inquiries in (a) Alabama, (b) Arizona, (c) California, (d) Georgia, (e) Nevada, (f) Tennessee, (g) Texas and (h) Wisconsin. These transactions constitute a continuing course of action to obtain and misappropriate confidential and proprietary information from ADD's DMV123 software/system.

32.    The notations placed in the ADD log indicate that Perine had access to these VINs from individuals known to him, Reiger, or YASSI, not for purposes of verifying information supplied under Section 3(a) of the DPPA and not for purposes

14

of operating a Los Angeles based California Tag Agency, in direct violation of the DPPA, 19 U.S.C. section 2722.

33. By accessing the ADD inquiry system, Defendants, acting in concert and with a common goal and purpose, were able to determine how the access logs worked and how the ADD DMV123 webservice interacted with users, how the raw data from each state was parsed and reformatted then displayed in a uniform format across states and what additional data points ADD supplied to each state's inquiry and data feed to make the product useful in the marketplace, as well as ADD's confidential pricing.

34. In November of 2022, Perine e-mailed ADD terminating his account because the company was allegedly going out of business, however, records indicate that Postr did not dissolve until 2025. Perine requested a pro-rata refund be paid to him directly from ADD.

35. By terminating the account early, Defendants circumvented the annual ADD review and thus prevented any potential oversight by ADD of the minimal

inquiries for a tag agency serving such a large area as Los Angeles County, which could have potentially raised red flags.

36.    In 2023, YASSI started offering a motor vehicle inquiry product virtually identical to ADD's inquiry product. A side-by-side comparison is

reproduced below:

*Figure #9 - Yassi and ADD's Motor vehicle inquiries side by side snapshot*

16

34.    The YASSI product replicated the bar code verification system unique to ADD. This feature allows tax collectors or users to verify that the data on the inquiry was pulled in real time and not fabricated or "photo shopped." By accessing the ADD system, Defendants were able to use and understand the ADD proprietary bar code verification system. YASSI reversed engineered and now uses a bar code



*ADD's proprietary record verification system that allows independent parties to verify the Date, Time, Jurisdiction and Company that pulled the actual vehicle record.

verification system identical to ADD's process even down to calling it a "verification code."

### Figure #10 - Verify side by side snapshot

37.    Beginning in 2023, YASSI began approaching ADD customers and clients and offering to provide them a Motor Vehicle data product virtually identical to the ADD product at a lower price than offered by ADD.

38.    At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees

fraudulently, improperly, and deceptively obtained access to ADD's proprietary DMV123 system in order to replicate, reverse engineer, and build a derivative product in violation of the Agreement, TOU and DPPA, and in violation of the law.

39.   At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees reverse engineered, designed, and developed their virtually identical Motor Vehicle data product using the access they obtained by improperly and deceptively obtaining access to and use of the ADD DMV123 software/system, including but not limited to inquiry data and samples from a variety of states as well as understanding the log in, and source code reformatting.

40.   Defendants also obtained ADD's DMV123 proprietary pricing allowing YASSI to offer to ADD's customers pricing below that offered by ADD.

41.   At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, by and through their officers, agents, and employees, conducted the fraudulent and illegal foregoing activities in violation of ADD's protected trade secrets and in order to unfairly compete and obtain ADD's customers.

42.   As a result of the foregoing, ADD has suffered significant damages.

## COUNT I- BREACH OF CONTRACT

43.   Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

44.    Defendants Lee Perine and Postr specifically agreed not to "rent, lease, loan, sell distribute or create derivative works based on Auto Data Direct or the Software in whole in part." *See Ex. A.*

45.    Defendants Lee Perine and Postr further agreed not to copy, modify, create a derivative work of, reverse engineer, reverse assemble or otherwise attempt to discover any source code. *See Ex. A.*

46.    Defendants Lee Perine and Postr breached the foregoing by specifically working with Defendants YASSI and Rieger to create a derivative work and/or reverse engineer and/or assemble a virtually identical product for YASSI.

47.    As a direct result of the foregoing breach of the Agreement and TOU, Plaintiff ADD has suffered damages.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, and Lee Perine, individually, for damages, including costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

## COUNT II- CIVIL CONSPIRACY

48.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

49.    At all times material hereto, Defendant Lee Perine was an officer of YASSI and a co-founder of YASSI and was intimately involved in developing the product YASSI would offer.

50.    At all times material hereto, YASSI executives, including Defendant Rieger, provided to Defendant Perine personal VIN's for Perine to run on the ADD system, for the sole purposes of determining how ADD's DMV123 proprietary system worked and to gain access to the proprietary and confidential information in violation of the DPPA and in violation of the Agreement and TOU.

51.    At all times material hereto, the Defendants, acting in concert and with a common goal and purpose, fraudulently obtained access to ADD's DMV123 system in order to obtain sufficient data to reverse engineer, copy and create a derivative work.

52.    The Defendants, acting in concert and with a common goal and purpose, knew or should have known that Defendant Perine had obtained access using the dormant Postr LLC and falsely representing the purpose of the inquiries was to verify data submitted to prevent fraud and for use by Tag Agency in doing its functions in California.

53.    The Defendants, acting in concert and with a common goal and purpose, conspired to conceal the identity and ultimate use of the data by YASSI and

to attempt to circumvent the contractual restrictions ADD places on users to protect it's proprietary rights.

54.    Additionally, the Defendants, acting in concert and with a common goal and purpose, gave false information in violation of the DPPA in order to access the private state data sets, as Defendants Perine and Postr were not attempting to verify data submitted for a legitimate business purpose to prevent fraud.

55.    The data was obtained on false pretenses in violation of the ADD contract and illegally obtained in violation of the DPPA, 18 U.S.C. § 2722 ("It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record.")

56.    The Defendants had an agreement to conspire to illegally and fraudulently obtain access to ADD's DMV123 proprietary software/system.

57.    The Defendants knowingly and in concert performed the foregoing over acts in pursuance of the conspiracy, including but not limited to fraudulently obtaining access to ADD's DMV123 proprietary system, setting up the dormant Postr LLC to gain access, providing personal VINs to run on the ADD system, misrepresenting in violation of the DPPA the purpose of access the private state data sets, reverse engineering and/or reverse assembling a virtually identical system that purports to obtain "real time" motor vehicle information from the different states, reverse engineering and/or reverse assembling ADD's verification program,

accessing and utilizing ADD's proprietary pricing information and using this illegally obtained information to engage in unfair and deceptive trade practices and to tortiously interfere with ADD's customers.

58. The Defendants acted knowingly and in concert and aided and abetting each other in the overall scheme to defraud ADD, misappropriate ADD's trade secrets, interfere with ADD's business relationships, and falsely advertise and misrepresent the YASSI competing product, as set forth paragraphs 1- 42 and within Counts III, IV, V, and VI.

59. As a result of the foregoing, Plaintiff ADD has suffered significant damages, including but not limited to the loss of customers, lost and future profits, damage to reputation, and the unjust enrichment that is not taken into account in computing actual loss.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags, Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

## COUNT III – VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT

22

60. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

61. This is a claim for the violation of the Florida Uniform Trade Secrets Act, Sections 688.001, et. seq. and conspiracy to violate same.

62. ADD's DMV123 software/system, was designed and developed to conduct motor vehicle transactions in "real-time" using the ADD's computer interface for a permissible use, as set forth under DPPA.

63. Pursuant to ADD's Agreement and TOUs, ADD's DMV123 software and its inquiry product is a "trade secret" as defined by Section 688.002(4), Florida Statutes.

64. ADD's DMV123 has a unique combination of processes designed to produce streamlined data about state DMV motor vehicle registration, title and driver license information, in addition to providing a link to NMVTIS data and a unique bar code verification system allowing the user to validate the data obtained.

65. ADD's DMV123 software/system also allows the user access to ADD's proprietary pricing for its products and system.

66. ADD proprietary software/system meets the definition of trade secret as set forth in § 688.002(4), Florida Statutes, as it includes protected and not readily known information using a formula, pattern, compilation, program, device, method, technique, and/or process.

67.    ADD's DMV123 software/system derives actual economic value from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from its disclosure or use and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, including specific terms and conditions advising users that the software is a protected trade secret which cannot be copied, sold or used as the basis of derivative works.

68.    The system derives independent economic value from being generally unknown and available solely from ADD.  The economic value is evidenced by gross revenues of over $ Fifty-One Million Dollars ($51,000,000.00) generated by ADD from the sale of the system in 2022, 2023, and 2024.

69.    ADD took reasonable steps to maintain the secrecy of its DMV123 software/system by making it express and clear in its Agreement, its Terms of Use and its User Registration that DMV123 was ADD's exclusive and proprietary property.

70.    Defendants Postr and Perine specifically knew the foregoing and executed ADD's Agreement and TOU, which expressly sets forth that the DMV123 software/system is ADD's protected trade secrets.

71.    Defendant Perine also knew the foregoing in his role as a co-founder of YASSI.

72. Defendant Rieger knew or should have known of the foregoing in providing personal vehicle data for Defendant Perine to falsely use in accessing and then replicating the DMV123 software/system.

73. Defendants conspired and worked together for the sole purpose of copying, replicating and misappropriating DMV123 and creating derivative work to directly compete with the ADD DMV123 product, by using false and fraudulent means.

74. Defendants conspired and worked together to obtain access to ADD's DMV123 system for the purpose of learning its workings, accessing, reengineering, and reverse engineering the source code, learning the identity of vendors, learning ADD's pricing, and otherwise replicating the combination of systems in DMV123 without ADD's consent.

75. Defendants YASSI, Postr, Lee Perine and Robert Rieger knew, or should have known, that that the material, knowledge and software of DMV123 was a trade secret belonging to ADD and that the disclosure of the material, knowledge and protected software was a breach of their duties not to disclose, reproduce, duplicate, copy, sell or exploit for any commercial purposes ADD's trade secrets.

76. YASSI, through the access provided by Postr and Lee Perine, learned of confidential DMV123 data and, stole ADD's DMV123 product by accessing, using, copying, reengineering, and reverse engineering the source code without

ADD's consent and Defendants have been selling the misappropriated product throughout the United States.

77. Defendants YASSI, Postr, Lee Perine and Robert Rieger misappropriated ADD's DMV123 by providing customers with a product duplicating ADD's DMV123 end user product, which was gained through access to the same databases and produces the same results from work product(s) derived from copying and testing ADD's DMV123 system.

78. There are no material differences between ADD's DMV123 product and that produced by YASSI.

79. Defendants' misappropriation of ADD's trade secrets were willful and malicious and done with the intentions of replicating ADD's DMV123 and then directly competing with ADD.

80. After acquiring ADD's DMV123 proprietary information, YASSI started selling access to DMV data to automobile dealerships, towing companies and insurers in Florida.

81. If Defendants are allowed to continue to use and disclose ADD's trade secrets, it will strip ADD's software of its value. Thus, ADD is likely to sustain irreparable harm for which there does not exist an adequate remedy at law because the subject of this dispute is proprietary software and intellectual property.

82. The damage is not susceptible of complete pecuniary compensation because it involves loss of existing customers, but more problematically, loss of future customers and business which should and would have come to ADD but for the misappropriation and theft of its trade secrets and processes.

83. The copying of the DMV123 system by Defendants and its further disclosure and dissemination to third parties beyond the jurisdiction of this Honorable Court will render the value of ADD's trade secrets useless.

84. Based on the foregoing, ADD's claim has a substantial likelihood of success on the merits given the fact that ADD owns the software, has contracts with Defendants restricting the sale, duplication or use of the system and ADD did not give YASSI consent to use or duplicate its system.

85. The threatened injury to ADD outweighs any possible harm to Defendants. An injunction will merely maintain the status quo until this Honorable Court can determine the merits of ADD's claim.

86. The granting of an injunction will not harm the public interest because members of the public will be permitted to continue to contract with ADD for its DMV123 product and with YASSI for other internet services and sales.

87. ADD has retained the undersigned counsel and is responsible for paying a reasonable fee for services. Pursuant to Section 688.005, Florida Statutes, ADD is entitled to attorney's fees.

88.    As a direct and proximate result of YASSI, Perine, and Rieger's misappropriation of ADD's DMV123 trade secrets and proprietary information, ADD has suffered damages, including damages of actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

89.    The Plaintiff reserves it right to amend this Complaint to add a prayer for exemplary damages as allowed by Section 688.004(2), Florida Statutes.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants Lee Perine, individually, Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, and Robert Rieger, individually, for damages, including the unjust enrichment of defendants not taken into account in computing actual loss, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, for a preliminary and permanent injunction prohibiting Defendants from using, copying, selling, and disclosing ADD's trade secret, and trial by jury.

## COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

90.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

91.    Plaintiff ADD has significant business relationships between itself and third parties to provide and conduct motor vehicle transactions in "real-time" using

the ADD's computer interface for a permissible use, as set forth under DPPA, pursuant to its DMV123 software/system.

92.    Defendants, acting in concert and with a common goal and purpose, had knowledge of those relationships, including but not limited to ADD's business relationships with specific and certain third-party insurance companies.

93.    Defendants, acting in concert and with a common goal and purpose, intentionally and unjustifiably interfered with those business relationships through replicating and reverse engineering ADD's DMV123 software/system and fraudulently obtaining ADD's propriety pricing and then marketing to ADD's customers YASSI's misappropriated system as identical to ADD's and at a lower price than ADD's proprietary program/system.

94.    YASSI has marketed to induce and/or cause ADD's customers to stop using ADD's services and in fact have obtained certain customers of ADD's through this intentional, fraudulent and improper scheme, including but not limited certain insurance companies.

95.    As a direct result of the foregoing, ADD has suffered damages and the loss of customers.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, for damages, costs of this action, prejudgment interest as may be

29

applicable, post judgment interest, attorney's fees, for a preliminary and permanent injunction, and trial by jury.

## COUNT V – FRUADULENT MISREPRESENTATION

96.   Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

97.   As described above, Defendants, jointly and acting in concert with a common goal and purpose, made a series of misrepresentations to ADD in an effort to induce ADD to approve the qualification verification process, and allow Postr and Perine to become Authorized Subscribers and access the DMV123 software/system.

98.   In furtherance of this fraud, Defendants, Postr and Perine, specifically made misrepresentations and fraudulent statements as to the purpose under the DPPA that the inquiries were being run through the DMV123 software/system.

99.   These representations and concealments were false at the time they were made, and Defendants, Postr and Perine, knew the representations and concealments were false when made.

100.   ADD relied on Defendants' representations in agreeing to allowing full access as a subscriber to the DMV123 software/system.

101.   Defendants, Perrine, Reiger, and Yassi, jointly and acting in concert with a common goal and purpose, then used that access to create a virtually identical product to the ADD DMV123 software/system.

102. As a direct and proximate result of Defendants' conduct, ADD has sustained substantial damages, the full amount of which will be established at trial of this matter.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Defendants, Postr, LLC, doing business as Renew Tags and Lee Perine, individually, for damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, attorney's fees, a for a preliminary and permanent injunction, and trial by jury.

### COUNT VI – FDUPTA

103. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

104. This is a claim for the violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), sections 501.201-501.213, Florida Statutes and conspiracy to violate same.

105. As described above, Defendants, jointly and acting in concert with a common goal and purpose, utilized unconscionable acts and practices to access the DMV123 software/system and virtually replicated ADD's product.

106. Furthermore, Defendants, jointly and acting in concert with a common goal and purpose, have *further* misrepresented to ADD's customers that the fraudulently created and virtually identical YASSI program looks, works, and functions the same as ADD's real-time motor vehicle inquiry, which provides to

31

Case 4:26-cv-00039-AW-MAF   Document 6   Filed 01/29/26   Page 32 of 33

qualified companies under the DPPA the necessary and legally compliant automobile information in order to conduct daily business operations.

107.   Defendants, jointly and acting in concert with a common goal and purpose, have misrepresented to ADD's customers that not only does the YASSI product works the same but can also be obtained at a lower price than ADD's DMV123 software/system.

108.   Upon information and belief, YASSI falsely advertising and misrepresenting the manner in which the YASSI system compiles and/or produces certain state's protected vehicle information – in that it is **not** produced in "real time".

109.   These ongoing unfair and deceptive practices, have caused ADD significant actual damages.

110.   ADD's damages are directly proximate to Defendants' violation of the Florida Unfair and Deceptive Trade Practices Act, Florida Statute 501.201 *et seq.*, and specifically 501.211 of the Florida Statutes.

111.   ADD is entitled to an award of attorney fees and costs associated with the bringing of this action pursuant to Section 501.2105, Florida Statutes.

**WHEREFORE,** Plaintiff, AUTO DATA DIRECT, INC., demands judgment against Yotta Automated Software Solutions, Inc., ("YASSI"), a Foreign For-Profit Corporation, for damages, costs of this action, prejudgment interest as may be

applicable, post judgment interest, attorney's fees under section 501.2105, Florida

Statutes, a for a preliminary and permanent injunction, and trial by jury.

Respectfully submitted,

s/Robert Scott Cox
Robert Cox, Esq.
Attorney for Plaintiff.
Florida Bar #286362
Talley Kaleko, Esq.
Florida Bar #487155
Law Offices of Robert Scott
Cox PL
122 South Calhoun St
Tallahassee, FL 32301-1518
Office: 850-577-0296
Fax:   850-561-0206
Service E-mail:
robert@robertcoxlaw.com
talley@your2nchair.com