AUTO DATA DIRECT, INC.,
a Florida for Profit Corporation,

    Plaintiff,

v.
                                     Case No.: 4:26-cv-00039-AW-MAF

POSTR, LLC., a Foreign Limited Liability
Company, LEE PERINE, individually,
YOTTA AUTOMATED SOFTWARE
SOLUTIONS, INC., a Foreign for Profit
Corporation, ROBERT RIEGER, individually,

    Defendants.

---

## MOTION TO REQUEST ORAL ARGUMENT ON DEFENDANTS' MOTION TO DISMISS

---

Defendants, Postr, LLC, Lee Perine, Yotta Automated Software Solutions, Inc., and Robert Reiger (collectively "Defendants") file this *Motion to Request Oral Argument on Defendants' Motion to Dismiss* [D.E. # 12, 19, 22] per Local Rule 7.1(K) and state in support:

### **Request for Oral Argument**

The claims at issue before the Court in this matter involve litigation between the two biggest competitors in the motor vehicle inquiry product market. The Plaintiff brought claims against the Defendants alleging that Defendants built their

product with illicitly obtained confidential, proprietary, and trade secret materials. Defendants dispute these accusations and also contend that, for the reasons briefed in its Motion to Dismiss [D.E. # 12, 19, 22], most of the claims raised are preempted or are subject to dismissal as legally inadequate or insufficiently pled.

The nature of the claims and potential defenses require the parties to exchange highly sensitive, proprietary, confidential, and potentially trade secret materials with each other during the course of discovery. In an effort to ensure that the parties were complying with the Court's scheduling order, instead of waiting for disposition and closing of the pleadings to engage in discovery, the parties secured a confidentiality order from this Court and have proceeded full speed with discovery.

Notwithstanding the specter of additional labor associated with conducting discovery on claims that may not survive to the conclusion of the case, the Parties have proceeded to engage in substantive discovery practice elucidating the claims as pled. Since the outset of litigation, the parties have diligently engaged in discovery, specifically, they have: issued and returned multiple rounds of paper discovery; identified tens of thousands of documents through e-discovery practices, review of which is presently underway with production imminent; and taken dozens of hours of depositions of corporate parties and individuals. This discovery is coming at great expense to the parties, as it has involved (among other things) multiple cross-country trips by counsel for Plaintiff and Defendants, engagement with e-discovery vendors,

and a substantial amount of attorney hours preparing for and taking depositions, as well as reviewing documents for production.

Whether this Court dismisses any of the Plaintiff's counts in its ruling on the Motion to Dismiss stands to drastically limit the claims and thus the scope of relevant discovery. Moreover, any ruling limiting the claims herein could reduce the scope and volume of confidential and highly confidential information that the parties—who are each other's main competitors in the market—disclose to the other. Defendants are cognizant there is a protective order in place, but the most certain approach for ensuring the sanctity of confidential and highly confidential information is to not exchange this information at all if it is not necessary to viable claims.

Finally, Plaintiff has indicated to Defendants that they foresee a potential amendment to their Second Amended Complaint to include additional allegations, but are waiting to pursue this possible amendment pending the Court's ruling so as not to create a procedural tangle given the pending Motion to Dismiss.

As such, the Defendants respectfully request that the Court rule on the pending Motion to Dismiss, or, if it would be helpful, set the Motion to Dismiss for oral argument.

## Rule 7.1(B) Certificate of Conferral

The undersigned has conferred in good faith with counsel for Plaintiff, who advises that Plaintiff does not object to the requested relief.

Respectfully submitted this 20th day of July, 2026.

**STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P.A.**

*/s/ Melanie R. Leitman*
**Douglas Kilby, Esq.**
Florida Bar No. 0073407
**Melanie Leitman, Esq**.
Florida Bar No.: 091523
106 East College Avenue, Ste. 700
Tallahassee, Florida 32301
Telephone: (850) 580-7200
mleitman@stearnsweaver.com
dkilby@stearnsweaver.com
aruddock@stearnsweaver.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Melanie R. Leitman*
Melanie R. Leitman

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing Motion complies with Rule 7.1(F), Local Rules of the US District Court for the Northern District of Florida, because this document contains <u>537</u> words, exclusive of case style, signature block, and any certificates.

/s/ *Melanie R. Leitman*
Melanie R. Leitman

#14912085 v1